DE GROOT, Respondent, vs. PEOPLES STATE BANK OF REESEVILLE, Appellant.

*April 9—May 6, 1924.*

*Action: Joinder of causes: Alternative relief.*

1. Causes of action were not improperly joined where they presented a situation for alternative relief under sec. 2603, Stats., which applies as against the more general requirement of sec. 2647 that the joinder of causes of action shall affect all the parties to the action. p. 597.
2. An action by the vendee of personal property against the vendors and a mortgagee of said property, in which no cause of action existed against the mortgagee if the mortgage was valid, but in which case the plaintiff would be entitled to relief against the vendors, and, if the mortgage was invalid, the vendee's cause of action was against the mortgagee, presents a situation for alternative relief within sec. 2603, Stats. p. 598.

APPEAL from an order of the circuit court for Sheboygan county: MICHAEL KIRWAN, Circuit Judge. *Affirmed.*

This is an appeal from an order overruling a demurrer to an amended complaint. The complaint is based on the following transaction: The defendants Edward F. Oehler and Frank Guenther, on or about the 19th day of October, 1921, sold to the plaintiff certain items of personal property and executed and delivered to the plaintiff a bill of sale thereof. The bill of sale warranted the defendants to be the lawful owners of the property. Plaintiff bought the property for the purpose of resale at public auction. The defendant bank claimed a chattel mortgage of $3,000 on the property and prevented the plaintiff's contemplated sale thereof. Plaintiff claimed that he was damaged in the sum of $2,000 by reason of his inability to sell the property at such public sale. The defendants Oehler and Guenther claim that the chattel mortgage under which the defendant bank asserts its right to the property is void as against the plaintiff because said chattel mortgage was not properly filed so as to constitute notice to the plaintiff. The bank claims the chattel mortgage to be a valid and enforceable lien against the property and threatens to prevent its sale and removal, and to take possession thereof, under said chattel mortgage.

The complaint sets forth three separate causes of action. The first is based on the warranty of Oehler and Guenther contained in the bill of sale. The second cause of action is based on fraudulent representations made by Oehler and Guenther that they had good title to the property sold and the deceit in concealing from plaintiff the existence of the mortgage claimed by the bank. In the first cause of action it is alleged "that as a consequence the plaintiff cannot sell or dispose of said property; that he has been put to great expense in caring for the same; in making trips in relation thereto, and other expenses of a similar nature, and in case the interests of said defendant bank are enforceable under said chattel mortgage, that he will have to make good the

amount of said chattel mortgage in order to preserve his property; in all to his damage in the sum of $5,000."

The second cause of action contains this allegation: "That by reason of the premises this plaintiff has been injured in the sum of $5,000 if the said chattel mortgage is enforceable, or in the sum of $2,000 if the said chattel mortgage is unenforceable."

The third cause of action is against the bank to recover damages which the plaintiff sustained by reason of his failure to dispose of said property at public auction because of the claim made by the bank that it held a valid chattel mortgage on said property in the sum of $3,000. Plaintiff claims as damages on this cause of action the sum of $2,000. Just before the prayer occurs this allegation: "That by reason of the conflicting claims of the defendants herein, the plaintiff's right to relief necessarily exists in the alternative." The prayer demands judgment against the defendants Oehler and Guenther in the sum of $5,000 and against the bank in the sum of $2,000, "and if he be entitled to judgment against the last named defendant, that said defendant be permanently restrained and enjoined from in any way interfering with plaintiff's title or right to possession of the chattels."

The defendant bank demurred to the amended complaint on the ground that several causes of action have been improperly united. The demurrer was overruled, and the bank brings this appeal.

The cause was submitted for the appellant on the briefs of *R. W. Lueck* of Watertown and *Lueck, Clark & Lueck* of Beaver Dam, and for the respondent on the brief of *Detling, Detling & Whiffen* of Sheboygan.

OWEN, J. The appellant contends that the demurrer should have been sustained. Its contention is based upon sec. 2647, Stats., which provides:

"The plaintiff may unite in the same complaint several

causes of action, whether they be such as were formerly de-
nominated legal or equitable or both.

"But the causes of action so united must affect all the par-
ties to the action and not require different places of trial, and
must be stated separately."

Respondent contends that, because of the conflicting
claims between the vendors of the personal property and the
bank concerning the validity of the chattel mortgage, he is
unable to determine whether the vendors or the bank is
liable for the damages, and that under such circumstances,
under the provisions of sec. 2603, he is permitted to join
both the vendors and the bank and to ask for alternative
relief.

Sec. 2603 reads:

"Any person may be made a defendant who has or claims
an interest in the controversy adverse to the plaintiff, or
who is a necessary party to a complete determination or
settlement of the questions involved therein.   A plaintiff
may join as defendants persons against whom the right to
relief is alleged to exist in the alternative, although recovery
against one may be inconsistent with recovery against the
other; and in all such actions the recovery of costs by any
of the parties to the action shall be in the discretion of the
court."

Appellant asserts that the causes of action set out in the
complaint do not affect all the parties to the action and
they require different places of trial, as the vendors and the
bank are not residents of the same county.   If this section
were the only statutory provision to be considered there
would be little difficulty in agreeing with appellant's con-
tention.   Such a conclusion, however, can be reached only
by ignoring the provisions of sec. 2603.   The situation dis-
closed by the complaint would seem to fall within the pro-
visions of that section.   Whether the vendors or the bank
is liable to plaintiff depends upon the validity of the chattel
mortgage as against the plaintiff.   If the chattel mortgage
is valid there is no cause of action against the bank, but the

plaintiff is entitled to relief against the vendors not only for the amount of the chattel mortgage but also for the loss which he sustained by reason of its existence. On the other hand, if the chattel mortgage under which the bank asserts its claim to the property is invalid against the plaintiff, then plaintiff's cause of action is against the bank, and only for such damages as he sustained by reason of the bank's unlawful interference with the sale of the property. A more ideal situation for alternative relief could scarcely be imagined, and but for the provisions of sec. 2647 the propriety of the complaint could not be questioned. If there be conflict between these two sections, one or the other must yield some portion of its literal meaning. Both sections were placed in their present form by ch. 219 of the Laws of 1915. No recent act of the legislature has gone so far in banishing technicalities, liberalizing court procedure, and providing a short-cut for the administration of justice. It broadened the scope of sec. 2647 by striking out the specifications of causes of action that might be united and made it applicable to all causes of action. It expressly added to sec. 2603 the provision that "A plaintiff may join as defendants persons against whom the right to relief is alleged to exist in the alternative, although recovery against one may be inconsistent with recovery against the other." These quoted words might as well have been omitted if "the causes of action so united must affect all the parties to the action," because the idea of alternative relief is inconsistent with the idea that the causes of action so united must affect all the parties to the action.

Ch. 219 of the Laws of 1915 was a decided and affirmative effort in the interests of simplified and direct judicial procedure. It should be construed so as to promote rather than defeat that purpose. Sec. 2603 deals with limited and special causes of action—those in which alternative relief may be demanded. Upon familiar rules of construction its provisions must prevail with reference to such special causes

of action over the more general provisions of sec. 2647. This does not emasculate sec. 2647. It applies to all actions not specially covered by sec. 2603. It is believed that this construction gives full force to the legislative intent, while the construction contended for by appellant would practically emasculate sec. 2603.

Upon the same considerations, the requirement of sec. 2647 that the joinder of several causes of action shall not require different places of trial must be held not to affect those cases falling within the provisions of sec. 2603.

It follows that the demurrer to the complaint was properly overruled and that the order appealed from should be affirmed.

*By the Court.*—So ordered.