LUKKEN, Appellant, vs. HANOVER FIRE INSURANCE COMPANY and another, imp., Respondents.

*December 7, 1927—January 10, 1928.*

*Trover and conversion: How cause of action pleaded: Pleading alternative causes of action.*

1. A complaint alleging that plaintiff owned and possessed an automobile, that on the representation of a deputy sheriff that the car was stolen she delivered it to him, that he and the other defendants converted it, and that she demanded its return but return was refused, stated a cause of action so as not to be demurrable. p. 572.

2. The term "wrongful conversion" has a well known meaning in the law, and its use in a complaint does not subject the pleading to a general demurrer; the adversary party, moreover, if a more specific and detailed plea were desired, could have readily obtained an order requiring the pleading to be made more definite and certain. p. 573.

3. A complaint in the alternative (set forth in the opinion) which demanded judgment against a defendant other than the one named in a first cause of action, while sustained is not approved as to form, as in such a situation the pleader should freely express a doubt as to the party liable, set forth all the material facts involved in the cause of action, and pray judgment against such party or parties as the truth when found shall warrant; and the pleading need not set forth more than one cause of action. p. 576.

Appeal from an order of the circuit court for Dane county: August C. Hoppmann, Circuit Judge. *Reversed.*

The appeal is from an order sustaining a demurrer of the defendants *Hanover Fire Insurance Company* and *Tolles-Bort Nurenberg Company* to the amended complaint of the plaintiff.

The plaintiff in her amended complaint attempts to plead two causes of action. In the first cause of action she alleges the purchase of a Ford automobile for the sum of $400 from the defendant Francisco, and that such defendant warranted his title to the machine. She also alleges that Francisco was not in fact the owner of the automobile, but that it belonged to the defendant *Hanover Fire Insurance Company,* and that the defendants *Insurance Company, Nurenberg Company,* and Daggett took said automobile from her possession, all to her damage in the sum of $400. She then prays for judgment on this cause of action against Francisco in the sum of $400, together with the costs and disbursements of the action, and continues her pleading in her complaint as follows:

". . . or in the alternative the plaintiff demands judgment against the defendants Leo Daggett, *Hanover Fire Insurance Company,* and *Tolles-Bort Nurenberg Company* for the following reasons:

"1. That the defendant the *Hanover Fire Insurance Company* is a foreign corporation, organized and existing under the laws of the state of New York, and licensed to do business within the state of Wisconsin.

"2. That the defendant the *Tolles-Bort Nurenberg Company* is a domestic corporation organized under the laws of the state of Wisconsin.

"3. That on the 20th day of January, 1925, this plaintiff was, as she is informed and believes, the owner of a certain Ford automobile which she had purchased from the defendant William Francisco, and that on said date the said automobile was in her possession.

"4. That on the said 20th day of February, 1925, the

defendant Leo Daggett represented to this plaintiff that the said automobile which she had purchased from the defendant William Francisco was a stolen automobile and the property of the defendant the *Hanover Fire Insurance Company.·*

"5. That the said defendant Leo Daggett was at said time a deputy sheriff for the county of Dane in the state of Wisconsin and known by this plaintiff to be such officer; that, relying upon such representation and believing that she was compelled to deliver the said automobile to the said Leo Daggett, she did then so deliver the said automobile to the said Leo Daggett, whereby the said automobile was wholly lost to this plaintiff.

"5a. That the plaintiff is informed and believes that at all the times hereinbefore mentioned the *Hanover Fire Insurance Company* claims to be the owner of said Ford automobile and that the said Leo Daggett demanded the possession and took the said automobile for and in behalf of the said *Hanover Fire Insurance Company.*

"6. That the plaintiff is informed and believes that the defendant the *Tolles-Bort Nurenberg Company* was at all times hereinbefore mentioned the agent of the *Hanover Fire Insurance Company;* that the actual possession of said automobile was delivered to it by the said Leo Daggett, and that at said time the said *Tolles-Bort Nurenberg Company* was representing the defendant the *Hanover Fire Insurance Company.*

"7. That the plaintiff has demanded the return of said automobile from each of the defendants, the *Hanover Fire Insurance Company, Tolles-Bort Nurenberg Company,* and Leo Daggett, but that they and each of them have refused, neglected, and failed to deliver the possession of said automobile to her and have wrongfully withheld the possession thereof and wrongfully converted the same.

"8. That the reasonable value of the said automobile when the same was so taken from her and when she demanded the return of the same was the sum of four hundred dollars.

"9. That the plaintiff's right to relief exists in the alternative against the defendant William Francisco or the defendants Leo Daggett, *Tolles-Bort Nurenberg Company,* and *Hanover Fire Insurance Company.*

"Wherefore, the plaintiff demands judgment against the defendants Leo Daggett, *Hanover Fire Insurance Company,* and *Tolles-Bort Nurenberg Company,* or in the alternative against the defendant William Francisco, in the sum of four hundred dollars, together with her costs and disbursements in this action."

We have set out verbatim the entire alleged second cause of action for the reason that it presents a form of pleading in the alternative which has heretofore not come to our attention, and which we consider novel, to say the least. To this complaint the *Insurance Company* and the *Nurenberg Company* interposed a general demurrer, which demurrer was sustained by the court, and from the order sustaining such demurrer the plaintiff has appealed.

For the appellant there was a brief by *Clancey, Loverud & Loverud* of Stoughton, and oral argument by *Alvin M. Loverud.*

For the respondents there was a brief by *Woolsey, Arnold, Johnston & Breihan* of Beloit, and oral argument by *J. H. Johnston.*

DOERFLER, J. It is conceded that the complaint sets forth a good cause of action against the defendant Francisco on the ground of a breach of warranty. The general demurrer, therefore, can only apply to the alleged second cause of action. Although sec. 263.06 of the Statutes specifies the various grounds for a demurrer, among which are the following: (4) That there is a defect of parties plaintiff or defendant; (5) that several causes of action have been improperly united; and (6) that the complaint does not state facts sufficient to constitute a cause of action, the demurring defendants rely solely upon the ground set forth in sub. (6) of sec. 263.06.

Viewing the complaint in the light of the demurrer thus interposed, we are satisfied that the same states a cause of action against the two demurring defendants. Among other things it is alleged in the complaint that the plaintiff on the

20th day of February, 1925, was the owner of the automobile and was in possession of the same; that pursuant to certain representations made by the defendant Daggett, a deputy sheriff of Dane county, she delivered the machine to him; that all of the defendants obtained possession of said machine; and that she demanded of them that the machine be returned and delivered to her, with which demand they failed and refused to comply; and that they wrongfully converted said automobile. Analyzing the allegations in the second cause of action and stating them in their simplest form, we have an allegation of ownership and possession of the plaintiff, a delivery of the machine to the defendants other than Francisco, an allegation of conversion, and a demand for a return, and a refusal. While we do not consider this alleged second cause of action in the form in which it is pleaded as a model pleading, it is our opinion that under the liberal rules recognized and adopted by the Code, the same sufficiently sets forth a cause of action.

It is argued by counsel for the demurring defendants that the allegation of wrongful conversion is a mere conclusion of law and therefore cannot be deemed as being admitted. The term "wrongful conversion" is one which is well known and understood in the law. It is doubtful whether a more definite statement would materially benefit the parties challenging this pleading. If, however, they have in mind that a more specific or detailed plea would have afforded them some advantage, the same could readily have been obtained by an order requiring the pleading to be made more definite and certain. It is our view that the complaint cannot be successfully attacked by a general demurrer, and it would appear that both counsel agree with our conclusion, for the arguments contained in the briefs indicate that their main contention is based upon the position that there was an improper joinder of causes of action. We will therefore consider the demurrer from that standpoint, rather than upon the ground of a failure to state a cause of action.

Plaintiff contends that her complaint constitutes a proper pleading under the provisions of sec. 260.11 of the Statutes; that having stated all of the facts affecting the defendants, she is entitled to alternative relief; that if the facts stated in the first cause of action are true, she must then be given judgment against the defendant Francisco, and that if the allegations in the alleged second cause of action are true, she is entitled to judgment against the defendants other than Francisco. Sec. 260.11 reads as follows:

*"Who as defendants.* Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved therein. A plaintiff may join as defendants persons against whom the right to relief is alleged to exist in the alternative, although recovery against one may be inconsistent with recovery against the others; and in all such actions the recovery of costs by any of the parties to the action shall be in the discretion of the court."

Prior to the enactment of sec. 260.11 justice frequently miscarried, and this was realized by the legislature. At that time, where a suitor had a cause of action, but entertained a serious doubt as to who of two persons was liable therefor, it was incumbent upon him to first bring suit against one, and, if unsuccessful, to then sue the other; and not infrequently he lost out in both actions. The purpose of sec. 260.11 was also to avoid unnecessary litigation and expense and to promote the speedy administration of justice. This was realized not only by the legislature of Wisconsin, but also by many of the law-making bodies of other states, and we therefore find similar statutes in many other states. Some of the statutes of other states are ambiguous and have therefore been repeatedly construed by the courts, and there is a lack of uniformity in the decisions on their construction. This is particularly true of the cases in New York, as will appear from an examination of the digests of cases

contained in a note to *Ader v. Blau* (241 N. Y. 7, 148 N. E. 771), reported in 41 A. L. R. 1216. The learned editor of the American Law Reports, after a review of the digested cases contained in the note above referred to, expresses his conclusion as follows:

"The decisions herein reviewed may be roughly summarized by saying that it has been generally, although not invariably, held that persons one or the other of whom it is sought to hold liable cannot, in the absence of statutes changing the practice, be joined as defendants in an action at law unless it is possible to allege that they are jointly liable; that the decisions upon the statutes and rules of practice attempting to alleviate the situation, while confused and inconsistent, show a diminishing hostility to the innovations instituted thereby, and that their tendency is to permit the joining in one action of technically separate causes of action against various defendants where a common transaction or event is the basis of the action."

The only question involved in the instant case concerns itself with the ownership and right of possession of the Ford automobile. Consequently we are of the opinion that these causes of action can be united in one complaint, and that the pleader is authorized, under the express terms of the statute, to demand alternative relief. To hold otherwise would amount to a deliberate attempt to frustrate a clearly expressed intention of the legislature.

Sec. 260.11 is a recent enactment, and it has been instrumental in causing a radical change in our system of pleading, as is clearly manifested by the note of the editor of the American Law Reports above quoted. Among other things the statute provides:

"Plaintiff may join as defendants persons against whom the right to relief is alleged to exist in the alternative, although recovery against one may be inconsistent with recovery against the other. . . ."

This is precisely what was attempted by the plaintiff in

her complaint. A recovery against the defendant Francisco would be inconsistent with a recovery against the other defendants, and *vice versa*. That the element of doubt must exist in all cases where alternative relief is demanded follows as a logical sequence from the very nature of the relief itself. It is therefore proper, in an appropriate pleading involving alternative relief, to freely and fairly express such doubt in the pleading itself. The pleader should also, as we view it, concisely and clearly set forth all of the material facts involved in his cause of action, and the facts so pleaded should form the basis of the alternative relief demanded. Having brought to the fore all of the material facts, and the pleader having alleged the doubts existing in his mind on the subject of who is liable, he should then pray for judgment against such party or parties as the truth, when found, will warrant. Such a pleading need not set forth more than one cause of action.

A construction of sec. 260.11 will be found in the case of *De Groot v. Peoples State Bank*, 183 Wis. 594, 198 N. W. 614.

The complaint in substance contains all of the requisite allegations required in a suit where alternative relief is demanded, although the form of the complaint cannot be recommended as a precedent. Whether it be due to the liberal rules of pleading sanctioned by the Code, or to the ever-increasing volume of legal business requiring the attention of the members of the bar, or to the increased complexity in the business and industrial world, which absorbs largely the time and efforts of the profession, it must be stated as a deplorable fact that pleading as a science has not progressed, but retrogressed. In the due course of legal proceedings, the pleadings today, as in the days of old, perform an important function. The complaint constitutes the very foundation and groundwork of plaintiff's cause of action, and in its proper, scientific construction and presentation a

good lawyer should be as much interested and take as much pride as the architect who drafts the plans for the foundations of a modern structure. What has been said with reference to the complaint is equally applicable to all other pleadings in a lawsuit. The lawyer who loosely and illogically frames his complaint, with imperfect and indifferent allegations, trusting that the court, in the exercise of the liberality created by the Code, will sustain him, is not a high-grade lawyer and officer of the court. A good pleading is just as desirable today (and owing to the complexity of our modern business world perhaps more so) as it was in the days when the common-law form of pleading prevailed. The pleading is the work of the lawyer. It passes from him to the other members of the profession, and it is also subjected to the scrutiny of the courts. The standing which a lawyer has in the profession and before the courts depends in a considerable degree upon the pleadings which he drafts. So that, while many a poor pleading may be rescued from destruction by the administration of the Code system, the careful lawyer and the self-respecting lawyer will see to it that so important a document is worthy of his best efforts.

What is here said is not intended as a stricture upon the counsel who drafted the pleading herein attacked. The form of pleadings praying for alternative relief has not been as definitely established as it might be, and this complaint in the form in which it is presented is largely excusable for that reason.

We are constrained to hold in the instant case that the complaint states a cause of action for alternative relief, and with the view thus expressed the order of the lower court must be reversed.

*By the Court.*—The order of the lower court is reversed, and the cause is remanded with directions to overrule the demurrer, and for further proceedings according to law.