Wisconsin Orange Crush Bottling Company, Plaintiff, vs. Meicher and another, copartners, and Paull, Defendants. [Two appeals.]

*March 5—April 2, 1929.*

For the plaintiff, Wisconsin Orange Crush Bottling Company, there was a brief by *Olin & Butler,* and oral argument by *Emmert L. Wingert,* all of Madison.

For the defendants Meicher Brothers there was a brief by *Stephens, Sletteland & Sutherland,* and oral argument by *R. C. Grelle,* all of Madison.

For the defendant Paull there was a brief by *James E. O'Neill* of Dodgeville and *Thomas M. Priestley* of Madison, and oral argument by *Mr. Priestley.*

The following opinion was filed April 2, 1929:

ROSENBERRY, C. J.    The first question raised on the appeal relates to the plaintiff's complaint.    The plaintiff set up the facts and demanded judgment in the alternative as follows:  (a) judgment against the defendants Meicher in the sum of $1,943.98 together with interest thereon from August 3, 1926, at six per cent. per annum and plaintiff's costs and disbursements in the action, or  (b) judgment against the defendant Paull for the sum of $2,300 together with in-

terest thereon from August 3, 1926, at six per cent. per annum and plaintiff's costs and disbursements. The complaint is in some respects not a model pleading. It is perfectly clear from the allegations of the complaint that the plaintiff alleges that if it should be found that Bumpus had authority to make the sale in question the defendants Meicher would be liable to the plaintiff and Paull would not; that on the other hand, if it should be found upon the trial that Bumpus stole the car as alleged in the complaint and as claimed by the defendants Meicher and had in fact no authority to make the sale, then Paull would be liable to the plaintiff. So that under the liberal rules of construction which must be applied to pleadings, it must be held that the complaint is a sufficient pleading for relief in the alternative under sec. 260.11, Stats. *Lukken v. Hanover Fire Ins. Co.* 194 Wis. 569, 217 N. W. 404.

It is next contended that the defendant Paull's motion for a nonsuit should have been granted because there had been no actual conversion, Paull's possession being lawful and no demand having been made before the commencement of the action. It is contended that under the chattel mortgage the legal title and right of possession, the mortgagor being in default, was in the Southern Wisconsin Acceptance Company. The difficulty is that it was found on the former trial between the Southern Wisconsin Acceptance Company and Paull that the Southern Wisconsin Acceptance Company had waived its claim for a lien and had accepted in lieu thereof the personal obligation of the sales agent, the Meichers.

It further appears without dispute that the physical possession of the property was in the plaintiff until the cars were delivered by it to the defendants Meicher for sale with the consent of the mortgagee. It appears, therefore, that the Southern Wisconsin Acceptance Company never having regained possession of the property and at the time of the

commencement of the suit having been fully paid, it had no right of any kind in the property; that the right to the property was in the plaintiff. The arrangement with the defendants Meicher was a revocable one and could have been terminated by the plaintiff at any time. In the former trial Paull asserted title to the property in question and was as against the Southern Wisconsin Acceptance Company adjudged to be the owner. A demand under such circumstances would have been an unnecessary and fruitless act.

It is next contended that the plaintiff in this action was in privity with the Southern Wisconsin Acceptance Company and was bound by the judgment in the former action between that company and the defendant Paull. The Southern Wisconsin Acceptance Company derived its interest in the property from the plaintiff. When it surrendered its lien by placing the property with a third party for sale, it had thereafter no interest in the property. The title to the property was then in the plaintiff. All that was adjudicated on the first trial was that as against Paull, the purchaser from Bumpus, the Southern Wisconsin Acceptance Company had waived its lien or estopped itself to assert it by having consented to a sale. If Paull wished in that action to conclude all parties claiming an interest in the property he should have made plaintiff a party thereto. It having been held that the Southern Wisconsin Acceptance Company had no right to maintain an action against Paull, a right of action must be somewhere under the facts as found by the jury, and it logically follows that it was with the plaintiff. The plaintiff was at all times the owner of a general property right in the car. It did not derive its title from the Southern Wisconsin Acceptance Company; it merely took back from the Acceptance Company whatever right or interest it had given to that company under the terms of the mortgage.

It is next urged that as a matter of law upon the undisputed evidence it appears that Bumpus was the authorized

agent of the Meichers. Upon the trial Charles Meicher, the manager of the partnership, testified that Bumpus came to the garage on Friday, July 30th, with a letter from Mr. Dixon; that they let him hang around; that he took a car out of the garage on Sunday; that Meicher told him to take a girl out for a ride on Sunday in Meicher's Moon roadster; that on Monday he told him to take the car in question out to a fellow by the name of Stone who lived on the Oregon road, which is south of Madison; that on Tuesday, August 3d, Meicher told him to take no cars out; that without the knowledge of any one he did take the car out and sold it to the defendant. It further appears that he was in Cross Plains at the time when he said he was elsewhere, but there was no evidence that Meicher had any knowledge of the trips made to Cross Plains and Ridgeway, the place where Paull resided and the transaction took place. On a prior occasion Charles Meicher gave testimony which contradicted to some extent that given by him upon the trial. It was clearly for the jury to say where the truth lay. Certainly it cannot be said upon the uncontradicted testimony, as a matter of law, that Bumpus was agent for the Meichers. It is strenuously objected that the testimony given by Charles Meicher as to his conversation with Bumpus and detailing the extent of the agency was not competent upon the general ground that they were self-serving declarations. We are cited to no cases sustaining such a proposition. What Meicher testified to was the arrangement between him and Bumpus. That a principal may not testify to the terms of the contract made by him with an agent is certainly a novel contention. How else would the contract of agency be established? The burden was upon Paull to establish the fact of agency, which he endeavored to do by inference. Certainly it was open to the principal to rebut the inference by direct testimony as to the terms of the arrangement with the alleged agent.

Error is also assigned because the defendant was not permitted to prove that the Southern Wisconsin Acceptance Company had taken possession of the property. We see no error in this. So far as Paull is concerned the relation of the Southern Wisconsin Acceptance Company to this property had been determined and adjudicated and it had been held that on the 3d day of August, 1926, the Southern Wisconsin Acceptance Company had no right in the property. The court was certainly not in error in refusing to permit this question to be relitigated.

We do not think it necessary to discuss the matter of good faith of the defendant. If the plaintiff was the owner of the property and it was wrongfully taken from the possession of the defendants Meicher, agent of the plaintiff, then Bumpus the taker could pass no title thereto. The defendant Paull acquired none as against the true owner, no matter whether he acted in good faith or not.

*By the Court.*—Judgment affirmed. Plaintiff and defendants Meicher each tax costs against defendant Paull.

The following opinion was filed June 4, 1929:

PER CURIAM. On this motion for rehearing the only question raised relates to the direction contained in the mandate in regard to taxation of costs. The question presented relates to the taxation of costs in this court as between Paull and the defendants Meicher and the plaintiff. In the court below the plaintiff had judgment against Paull, the necessary result of which was that the defendants Meicher were entitled to judgment against the plaintiff. The defendant Paull appealed from the judgment against him. In order to preserve its rights as against the defendants Meicher in the event that Paull should be successful on his appeal, the plaintiff appealed from the judgment against it in favor of the defendants Meicher. The judgment is affirmed on both appeals.

The case is here under the provisions of sec. 260.11, Stats., which provides that "A plaintiff may join as defendants persons against whom the right to relief is alleged to exist in the alternative, although recovery against one may be inconsistent with recovery against the other; and in all such actions the recovery of costs by any of the parties to the action shall be in the discretion of the court." The provisions of sec. 260.11 as to costs is not in terms limited to proceedings in the trial court. In any event sec. 271.35 provides that "In all actions . . . in the supreme court . . . costs shall be in the discretion of the court."

Complaints in which parties seek recovery in the alternative present many novel questions, some of which are not easy of solution. Counsel were requested to file briefs upon the question here presented and we are advised that after diligent search they were unable to find authorities. The following actions among others have been brought under the statute: *De Groot v. Peoples State Bank,* 183 Wis. 594, 198 N. W. 614; *Thomson v. C., M. & St. P. R. Co.* 195 Wis. 78, 217 N. W. 927; *Lukken v. Hanover Fire Ins. Co.* 194 Wis. 569, 217 N. W. 404.

In the *De Groot Case* the plaintiff was uncertain as to who was liable to him in damages and joined the seller of personal property with the bank which had a chattel mortgage upon it in order that his rights might be fully determined.

In the *Thomson Case* the plaintiff was uncertain as to whether or not he had a cause of action against the common carrier for damages to goods in transit or against the person who undertook to load them in a safe and workmanlike manner.

In the *Lukken Case* the plaintiff was in doubt as to whether or not she had a claim against the persons from whom she purchased the property or against the parties who had unlawfully deprived her of its possession.

By virtue of the statute the plaintiff was, in each of these cases as well as the case at bar, entitled to have the facts determined as to the claims of both parties by one jury in a single action and to have judgment accordingly. But for the statute the plaintiff in each case would not only have been obliged to bring two actions, but would have been obliged to run the risk of being defeated in both, one jury finding one way upon a given state of facts and another jury finding another way upon the same facts. It must at the outset be conceded that the plaintiff in actions in this form by his pleading admits that he is entitled to judgment as to one of the defendants only. The defendant against whom he is not entitled to judgment is not liable and therefore ought not to be subjected to costs, and it would seem that the defendant not liable is entitled to tax costs against the plaintiff, who has without just cause brought the defendant into court. The plaintiff, to be sure, cannot tell which of the defendants is wrongfully sued, but he is certain that one of them is because he does not seek a joint judgment. This certainty of liability to one of the defendants for costs is a burden which the plaintiff takes with the privilege of joining both parties and so insuring himself against unfavorable findings by different juries. The plaintiff is not obliged to join parties in the alternative. If he chooses to exercise the privilege, why should he not take the privilege with the burden? The same reasoning applies with respect to costs on appeal. The plaintiff recovers judgment against one of the defendants against whom recovery is sought in the alternative. The other defendant has judgment against the plaintiff, which is the situation in the case at bar. The defendant against whom plaintiff has judgment appeals, as he has a right to do, to this court. The appealing defendant has no cause for complaint as to that part of the judgment in favor of his codefendant against the plaintiff, hence he seeks no modification of the judgment in that respect.

If the plaintiff, wishing to insure himself against being concluded by the judgment against it in favor of the non-appealing defendant, in the event the appealing defendant is successful, takes an appeal from that part of the judgment against him to protect himself, why should not the plaintiff, if the defendant as against whom he appeals is successful, be liable for costs to that defendant? The argument in reply is that the plaintiff was satisfied with the judgment as it stood; that the situation which makes it necessary for the plaintiff to appeal was created by the appealing defendant, and for that reason the appealing defendant should bear all of the costs both of the plaintiff and of his codefendant in the event that his appeal is not successful. It is considered, however, that the statute authorizing the joinder of parties under such circumstances being for the benefit of the plaintiff, and upon the determination of the issues in the case it appearing that he had no cause of action against the non-appealing defendant and no grounds for appeal, his appeal against the non-appealing defendant was solely for his own protection, and being unsuccessful the plaintiff should bear the burden of that appeal. In other words, costs should follow according to the merits of the controversy between the respective parties. There may be cases where this rule will not apply, as where one defendant is in fact liable once to his codefendant and not in the alternative, although the plaintiff seeks relief under sec. 260.11. The conclusion we have reached results in a modification of the mandate.

The mandate is modified to read as follows:

"Judgment affirmed on both appeals. Plaintiff to tax costs against defendant Paull on his appeal; the defendants Meicher to tax costs against plaintiff on plaintiff's appeal."