MARSTON BROTHERS COMPANY, Appellant, vs. OLIVER W. WIERDSMA COMPANY and others, Defendants: HOME SAVINGS BANK, Respondent.

*December 6, 1943—January 18, 1944.*

*Claude G. Cannon* of Appleton, for the appellant.

For the respondent there was a brief by *B. F. Saltzstein*, attorney, and *Howard G. Brown* of counsel, both of Milwaukee, and oral argument by *Mr. Brown*.

WICKHEM, J. The essential facts as they appear from the complaint will first be stated.

On March 5, 1940, Oliver W. Wierdsma Company, hereinafter called the "contractor," agreed in 'writing with the trustees of Lawrence College to build five fraternity houses on the college campus. No bond was required of the contractor. Shortly after the execution of the contract the contractor assigned to the Home Savings Bank as collateral security for loans previously made to said bank all its interest in and to the proceeds of the contract. During September and October, 1940, plaintiff furnished materials for these buildings. On October 8, 1940, the board of trustees of the college, after exacting waivers of lien from all materialmen, including the plaintiff, made a final payment of $14,000 to the contractor. The contractor immediately delivered checks to plaintiff and other materialmen.. On the 9th of October, 1940, the contractor deposited the proceeds of the check with the defendant bank. Defendant bank knew that the contractor was hopelessly insolvent and had given no bond to insure performance of its contract. On October 9, 1940, the bank charged the contractor's account and applied the $14,000 to debts of the contractor having nothing to do with the contract in question. At this time the bank knew plaintiff and other materialmen had waived their lien rights and that the $14,000 was the proceeds of the contract of the college. The bank also knew that the materialmen would not be paid if the amount of $14,000 was applied to the debt at the bank. The checks issued by the contractor to materialmen were dishonored by the bank because of insufficient funds.

On the basis of these facts plaintiff attempts to state two causes of action. The first assumes to affect all of the parties to this action, with one exception hereinafter noted, and is for a materialman's lien and the foreclosure of the same against all of the defendants. Failing that, plaintiff asks in this count a money judgment against all the defendants for

the amount due. Watts, business manager of the college, is joined as a nominal and proper, but not necessary party, and no relief is asked against him. The bank is joined in the first cause of action because the building contract was assigned to it as collateral.

The second cause of action is in the alternative. Plaintiff seeks to state a cause of action under sec. 289.02 (4), Stats., based upon allegations that the transaction with the bank heretofore mentioned constituted a breach of trust by the contractor, and the taking of the funds by the bank a participation in this breach of trust.

Defendant bank claims, and the trial court held, that the causes of action attempted to be stated by plaintiff do not affect all the parties to the action and that they require different places of trial. There is a great deal of embroidery in this complaint, but stripped down to its essentials, plaintiff seeks in one paragraph to foreclose a lien as against the college, and if it cannot have that, then a money judgment against the college, contractor, and bank. In the alternative it seeks in a separately stated cause of action to hold the bank liable for plaintiff's claim because, as it alleges, the bank with knowledge of the source of the $14,000 check participated in the contractor's breach of trust by applying this deposit to its own debt. Plaintiff claims that it has one primary right—to recover its debt; that the complaint simply asks for different and alternative forms of relief affecting different defendants, but not constituting separate causes of action. Plaintiff relies upon sec. 260.11 (1), Stats., which reads as follows:

"(1) Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved therein. A plaintiff may join as defendants persons against whom the right to relief is alleged to exist in the alternative, although recovery against one may be inconsistent with recovery against the other. . . ."

Plaintiff claims that this section, and not sec. 263.04, Stats., is applicable to its complaint, and cites in support of this *De Groot v. Peoples State Bank,* 183 Wis. 594, 198 N. W. 614. In that case two of the defendants had sold plaintiff for resale at auction certain personal property and had given a bill of sale warranting the vendors to be owners of the property free and clear of incumbrance. Prior to the auction the defendant bank asserted its claim to a chattel mortgage on the property and this caused plaintiff to abandon the auction. The vendors claimed that the mortgage was invalid as to plaintiff, while the bank claimed that the chattel mortgage was valid and enforceable. Plaintiff stated three causes of action. The first and second affected only the vendors, the first being based upon breach of warranty, and the second upon fraudulent misrepresentation. The third cause of action affected only the bank and sought damages by reason of the bank's claim to a chattel mortgage. The complaint concluded with the statement that because of the conflicting claims of defendants, plaintiff's right to relief necessarily existed in the alternative. The prayer demanded a judgment against the vendors, and failing that, a judgment against the bank. A demurrer for misjoinder of causes of action was overruled and this court affirmed the ruling of the trial court.

After discussing the requirement of sec. 263.04, Stats., that causes of action joined in a single complaint must affect all of the parties and not require separate places of trial, the court held that sec. 260.11 (1), heretofore quoted, was applicable. It did this because upon the complaint as a whole it appeared that either the vendors or the bank were liable to plaintiff, and that a determination as to the validity of the chattel mortgage would determine which was liable. If the chattel mortgage was valid there would be no cause of action against the bank but plaintiff would be entitled to relief against the vendors. On the other hand, if the chattel mortgage were held to be invalid, then plaintiff's cause of action would be

against the bank. The court considered that this was an ideal situation for the application of sec. 260.11 (1) because plaintiff's right to relief existed in the alternative and recovery against one defendant would be inconsistent with recovery against the other. In other words, there was a single cause of action. Plaintiff was uncertain, and would be uncertain until the issues of the case were determined, which of several defendants was liable, and hence asked relief in the alternative. He was simply joining defendants and not stating separate causes of action. This rule was adhered to in *Lukken v. Hanover Fire Ins. Co.* 194 Wis. 569, 217 N. W. 404, and in *Wisconsin Orange Crush B. Co. v. Meicher,* 198 Wis. 461, 224 N. W. 702, 225 N. W. 737. The reasoning in *Astin v. Chicago, M. & St. P. R. Co.* 143 Wis. 477, 128 N. W. 265, supports the result of these cases although when the *Astin Case* was decided sec. 263.04 imposed additional requirements for joinder.

This case presents a different situation. Plaintiff's right here does not exist in the alternative. It has a free choice as to whom it will sue. It may foreclose its claimed lien as against the college, or it may sue the bank for its participation in the contractor's breach of trust. True, it may have only one execution and one satisfaction of its claim, but that does not mean that there are not two separate causes of action wholly independent and distinct, and running against two separate defendants. Had plaintiff succeeded in getting a judgment of foreclosure against the college and been unsuccessful in satisfying its claim upon foreclosure sale, it would certainly sue the bank. If, on the other hand, plaintiff sued the bank separately, and entered a judgment which it could not satisfy, it could with equal certainty have the remedy of foreclosure if timely pursued.

The case appears to us to be governed by the decision of this court in *Midland Terra Cotta Co. v. Illinois S. Co.* 163 Wis. 190, 192, 157 N. W. 785. That was an action for the pur-

chase price of materials sold to Utley, principal contractor for the construction of a building owned by Schuster & Company. The Illinois Surety Company was joined as a defendant because it had indemnified Schuster & Company against failure of the contractor duly to perform his contract. The bond was so phrased as to make the Surety Company liable to materialmen under the third-party-beneficiary rule. Two causes of action were set up in the complaint. One was against Utley upon his contract of purchase and against the Schuster Company upon an express agreement with plaintiff to pay for the material furnished if plaintiff would forbear to file a mechanic's lien. The second was against Utley upon the contract of purchase and against the Illinois Surety Company upon its liability on the bond. The Illinois Surety Company demurred on the ground that several causes of action were improperly united. The demurrer was sustained and this court affirmed the ruling of the trial court. It was held that separate causes of action were stated against Schuster & Company, Utley, and the Surety Company; that Schuster & Company was not a party to, or affected by the provision of the bond which created a cause of action against the Surety Company, and the Surety Company was not a party to, or affected by the promise of Schuster & Company to pay for the material on condition that plaintiff forbear to file a lien. The court said:

"Both these defendants are sued upon an independent promise individual to itself. The fact that it is for the same debt makes no difference. The statutory test is not whether the causes of action pleaded arise out of the same transaction, but whether they affect all the parties to the action. Plaintiff may have two recoveries, but it can have only one satisfaction."

Applied to this case, plaintiff's cause of action against the bank is in no way related to the cause of action, if any, against Lawrence College. It is separate and distinct, depends solely

upon the conduct of the bank, and does not affect the rest of the parties to the action. This is not a case where, in connection with an equitable cause of action, different kinds of subsidiary relief are demanded not affecting all the parties to the action. Here the cause of action against the bank is neither incidental, auxiliary, nor germane to the controversy with Lawrence College. There is neither concert of action between defendants nor any other connecting link that would make applicable such a doctrine. See *Usow v. Usow,* 213 Wis. 395, 251 N. W. 458. All that plaintiff presents here are two causes of action against two separate defendants, each cause of action having its source in a separate statutory right.

It follows from the foregoing that the trial court correctly held that there was a misjoinder of causes of action here, if causes of action for foreclosure and recovery of plaintiff's claim were stated against the college. It is suggested in the briefs that the question whether either or both paragraphs of plaintiff's complaint stated causes of action is not properly before this court for the reason that the lower court did not pass upon the matter. However, upon a demurrer for misjoinder of causes of action this court cannot avoid examining the complaint to ascertain whether several causes of action are sufficiently stated because unless there are stated two or more good causes of action which cannot be joined there can be no misjoinder of causes of action. *White v. White,* 132 Wis. 121, 111 N. W. 1116; *Boyd v. Mutual Fire Asso.* 116 Wis. 155, 90 N. W. 1086, 94 N. W. 171, 61 L. R. A. 918; *Koepke v. Winterfield,* 116 Wis. 44, 92 N. W. 437; *Willard v. Reas,* 26 Wis. 540; *Hiles v. Johnson,* 67 Wis. 517, 30 N. W. 721; *Truesdell v. Rhodes,* 26 Wis. 215; *Bassett v. Warner,* 23 Wis. 673.

Since the causes of action held to be separate, distinct, and nonjoinable are those against the college for foreclosure, or in the alternative to recover the amount of plaintiff's claim, and

that against the bank for participation in the breach of trust, it is necessary to examine the complaint for the purpose of ascertaining the sufficiency of each paragraph.

The second paragraph states a cause of action against the bank under the rule of *London & Lancashire Ind. Co. v. American State Bank, ante,* p. 203, 12 N. W. (2d) 133, and since that case adequately discusses the matter, we shall not do more than follow it.

We are unable, however, to discover that any cause of action has been stated against the college. The complaint contains a general allegation that plaintiff gave the thirty days' notice required of materialmen under sec. 289.02, Stats. From the complaint, however, it appears that this notice was as follows:

"September 11, 1940.

"To Whom it May Concern:

"In consideration of the sum of $1,114.28 the undersigned hereby waive all right of lien to September 1, 1940, on all material delivered to the dormitory bldg., Appleton, Wis., Oliver W. Wierdsma, contractor on the job, Lawrence College, owner.

"MARSTON BROTHERS CO.

"By R. H. MARSTON,

"LH                                                          Vice-Pres."

This, of course, was not the conventional thirty days' notice, but a waiver of lien exacted by the college before it consented to pay the contractor. We shall pass over the question whether this was enough to cure the failure to serve the conventional notice. There are more serious defects in plaintiff's complaint than this. Reduced to its lowest terms, plaintiff alleges that it waived its lien. This disposes, for obvious reasons, of the lien itself and the cause of action for foreclosure. Plaintiff further alleges that knowing of the insolvency of the con-

tractor the college negligently entered into a contract with the contractor without requiring the latter to furnish a bond, and that it insisted upon waiver of liens by materialmen before paying over contract moneys to the contractor. The thirty-third paragraph of the complaint is as follows:

". . . That the board of trustees and its business manager insisted and demanded that no payment of money would be made to the contractor upon the building contract until such waiver of lien was given to them, was an implied promise, agreement and guaranty by such board of trustees and its business manager and contractor with plaintiff, that if plaintiff did execute and deliver such 'waiver of lien' it would receive its payment for said building materials and supplies from and out of such contract moneys, otherwise such waiver of lien was without consideration, null and void, and of no force or effect."

This summarizes all of the allegations that are important in connection with the cause of action against the college. They state no cause of action for foreclosure because plaintiff waived its lien. No consideration for this waiver was necessary. The assertion that the waiver of lien by the plaintiff constituted an implied agreement on the part of the college to pay plaintiff, or to see plaintiff paid out of the sum due upon the contract, obviously has no basis in fact or law. So far as the complaint discloses, the college simply refused to pay the contractor unless it could do so with impunity. Since it had sustained no contractual relations with plaintiff and did not owe plaintiff for the price of the material, its sole liability would be to have its property subjected to a mechanic's lien. To imply from these facts a promise to pay or a guarantee is to make something out of nothing.

The allegation that the college negligently dealt with an insolvent contractor without requiring a bond states no cause of action in favor of plaintiff. The college was free to con-

tract as it saw fit. Plaintiff also dealt with this contractor and had its protection in the lien rights which the statute gave it. It waived those rights and that left it with nothing but a cause of action against the contractor unless it can establish a liability on the part of the bank.

The causes of action sought to be stated against the college introduced into the complaint the only causes of action which do not affect all of the parties and require separate places of trial. Since we hold that no cause of action is stated against Lawrence College, it follows that there was no misjoinder.

*By the Court.*—Order reversed, and cause remanded with directions to overrule the demurrer of the Home Savings Bank, and for further proceedings according to law, respondent to have costs upon this appeal.