KAAS, Plaintiff and Respondent, v. BAASCH, Defendant and Appellant: HERITAGE MUTUAL INSURANCE COMPANY and others, Defendants.*

*No. 177. Argued September 11, 1970.—Decided October 6, 1970.*
(Also reported in 179 N. W. 2d 904.)

* Motion for rehearing denied, with costs, on December 1, 1970.

84

For the appellant there were briefs by *Chambers, Nash, Pierce & Podvin* of Wisconsin Rapids, and oral argument by *Lloyd L. Chambers.*

For the respondent there was a brief by *Hoerl, Day & Kamps* of Marshfield, and oral argument by *Richard J. Kamps.*

BEILFUSS, J. The appellant Baasch does not claim a misjoinder of causes of action or a defect of parties, but

he does contend that the complaint fails to state a cause of action against him, or for that matter, against the defendant Backaus. The alleged fatal defect is the absence of any affirmative allegation that the appellant Baasch drove the automobile at the time in question. Accordingly, he argues that no breach of duty is asserted against him.

Appellant cites two Wisconsin cases in support of his argument,[1] both of which can be distinguished on their facts. What was clear in those cases, i.e., who actually performed the tortious conduct, is precisely what is in doubt in the instant case. In both cases the plaintiff attempted to implicate third parties but failed because of insufficient allegations. In this case the plaintiff-respondent is not trying to implicate a third party but rather the party who actually committed the alleged negligence. Here the plaintiff does not know which of the two named defendants was driving the car and has attempted to allege the same cause of action against both of them.

The plaintiff-respondent relies primarily on sec. 260.11 (1), Stats., which reads in part:

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved therein. *A plaintiff may join as defendants persons against whom the right to relief is alleged to exist in the alternative, although recovery against one may be inconsistent with recovery against the other;* and in all such actions the recovery of costs by any of the parties to the action shall be in the discretion of the court. . . ." (Emphasis supplied.)

The situation involving alternative defendants in which this section has been construed and applied is that where both of the defendants have performed some

---

[1] *Leidersdorf v. The Second Ward Savings Bank* (1880), 50 Wis. 406, 7 N. W. 306, and *Pavalon v. Thomas Holmes Corp.* (1964), 25 Wis. 2d 540, 131 N. W. 2d 331.

act or omission toward the plaintiff, one of which alone was the cause of his injury and resulting damages. This section permits the plaintiff to plead the alternative and inconsistent theories of what caused his injury, and to let the evidence develop which one was actually tortious.

The applicability of sec. 260.11 (1), Stats., to a case such as this, where only one of the alternative defendants performed an act which could have resulted in plaintiff's injury, presents a question not previously determined by this court. But a review of the cases which have construed the statute and its underlying philosophy indicate that it should be applied in this situation.

The theory behind this type of procedural statute is discussed in an annotation at 41 A. L. R. 1223, where the editor states:

"The joinder in one action at law of persons, one or the other of whom it is sought to hold liable in respect of a debt, or breach of contract, or a tort, may give rise to one or more of three questions: (1) The question as to whether there is a misjoinder of parties; or (2) the question whether there is a misjoinder of causes of action; or (3) where the complainant alleges liability in the alternative, whether the complaint states a cause of action.

"These questions, though different on their face, are in essence identical, the fundamental inquiry being whether the court will permit the question as to which of the defendants is liable to be tried out in one action instead of putting the plaintiff to the trouble of suing, first one and then, if not successful against that one, the other, with the hazard of failing in both suits because of different views taken by the trier of the facts."

The annotation recognizes the general rule that, in the absence of a statute changing the practice, a plaintiff cannot join as defendants persons, one or the other of whom he seeks to hold liable, unless it is possible to allege that they are jointly liable. It then goes on to state, at page 1231:

"An exception to the general rule has been allowed where, by reason of some close relationship between defendants, or of some conduct on the part of defendants, it is impossible to determine where liability rests, and in such case a joinder of the parties, with an alternative allegation that the acts constituting liability were committed by one or the other, has been allowed."

In *De Groot v. Peoples State Bank* (1924), 183 Wis. 594, 198 N. W. 614, the plaintiff vendee of personal property brought an action against the vendors, and alternatively against a mortgagee of the property. If the mortgage was valid plaintiff had no cause of action against the mortgagee, but was entitled to relief against the vendors. However, if the mortgage was invalid his cause of action was against the mortgagee, not the vendors. The court found that this situation fell within the provisions of sec. 2603 (now sec. 260.11, Stats.), and in holding that sec. 2603 prevailed over a more general statute, it said at page 598:

"No recent act of the legislature has gone so far in banishing technicalities, liberalizing court procedure, and providing a short-cut for the administration of justice."

In *Lukken v. Hanover Fire Ins. Co.* (1928), 194 Wis. 569, 217 N. W. 404, plaintiff had bought an automobile and, sometime later, on the representation of a deputy sheriff that it was stolen, she turned it over to him. She then brought an action against the vendor for breach of warranty since he had warranted that he had good title, but the car actually belonged to the Hanover Fire Insurance Company. In the alternative, she alleged a cause of action against the deputy sheriff and the insurance company for conversion in that defendant-vendor had conveyed good title to her, and they had misrepresented that it was stolen.

The insurance company demurred on the grounds that the complaint failed to state a cause of action against it, but then conceded that two causes of action were alleged and argued the demurrer from the standpoint of

improper joinder of two causes of action. In holding that the joinder was permissible this court again discussed the purpose and intent of sec. 260.11 (1), Stats., and said at page 574:

"Prior to the enactment of sec. 260.11 justice frequently miscarried, and this was realized by the legislature. At that time, where a suitor had a cause of action, but entertained a serious doubt as to who of two persons was liable therefor, it was incumbent upon him to first bring suit against one, and, if unsuccessful, to then sue the other; and not infrequently he lost out in both actions. The purpose of sec. 260.11 was also to avoid unnecessary litigation and expense and to promote the speedy administration of justice."

There are many cases construing sec. 260.11 (1), Stats., and statutes like it in other jurisdictions, but no cases have been found which decided a fact situation such as the one presented here where one of the two defendants has not done anything to connect him with the plaintiff.

The question on this demurrer is not whether plaintiff has proved a cause of action against appellant, but whether he has alleged one. Obviously a recovery against one of these defendants would be totally inconsistent with a recovery against the other, and vice versa. But this inconsistency must necessarily exist in all cases where alternative relief is demanded under sec. 260.11 (1), Stats. Respondent cannot prove a cause of action against both defendants here, but neither could the plaintiffs in *De Groot, supra,* and *Lukken, supra.* However, the principle would seem to be the same in both cases. One of these defendants is not liable to respondent because the ultimate facts alleged as to him are not true. The same was true in *Lukken* and the other cases which permitted alternative pleading against two defendants. A fair and reasonable inference from the complaint is that both Baasch and Backaus were in the Baasch vehicle and that one of them was driving and as such had

sufficient contact with the occurrence which caused plaintiff's damage. This is not a case, as appellant seems to argue, of picking 10 names out of a hat and saying that one of the 10 was driving. The plaintiff-respondent's inability to say who was driving raises the inference that either of them could have been.

The phrase of the complaint under attack by appellant is "that said vehicle was being operated at the time herein mentioned either by the defendant owner, Donald D. Baasch, or by the defendant, Robert Backaus." Appellant contends that this does not affirmatively allege that he was the driver. A liberal interpretation of the quoted portion would be that it alleges that both Baasch and Backaus were driving; inconsistent allegations but permissible under the suggested application of sec. 260.11, Stats.

As respondent points out, this paragraph could have been worded to read:

"[T]hat said vehicle was being operated at the time herein mentioned by the defendant owner, Donald D. Baasch, or in the alternative, if it is determined that the defendant, Donald D. Baasch, was not operating said vehicle at the time herein mentioned, then that said vehicle was being operated at the time herein mentioned by the defendant, Robert Backaus."

Perhaps this would have expressed the allegation more clearly, but it would not have added to its substance. We are of the opinion that the complaint does state facts sufficient to constitute a cause of action against each defendant. Secs. 263.07 and 263.27, Stats.; *Wulf v. Rebbun* (1964), 25 Wis. 2d 499, 131 N. W. 2d 303; *Colton v. Foulkes* (1951), 259 Wis. 142, 47 N. W. 2d 901; *Weber v. Naas* (1933), 212 Wis. 537, 250 N. W. 436.

While we have concluded the complaint, giving it a liberal interpretation, does state a cause of action as against the defendant-appellant Baasch, we note it does not fully comply with the form of pleading as suggested in *Lukken, supra.* It was stated therein at page 576:

"That the element of doubt must exist in all cases where alternative relief is demanded follows as a logical sequence from the very nature of the relief itself. It is therefore proper, in an appropriate pleading involving alternative relief, to freely and fairly express such doubt in the pleading itself. The pleader should also, as we view it, concisely and clearly set forth all of the material facts involved in his cause of action, and the facts so pleaded should form the basis of the alternative relief demanded. Having brought to the fore all of the material facts, and the pleader having alleged the doubts existing in his mind on the subject of who is liable, he should then pray for judgment against such party or parties as the truth, when found, will warrant. Such a pleading need not set forth more than one cause of action."

This defect in the present complaint is not fatal but better practice would be to include the detail suggested in *Lukken, supra.*

*By the Court.*—Order affirmed.