# UNITED STATES *v.* JONES.

### APPEAL FROM THE COURT OF CLAIMS.

Submitted December 6, 1886. — Decided December 13, 1886.

In the exercise of its general jurisdiction appeals lie to this court from judgments of the Court of Claims.

An appeal from a judgment of the Court of Claims, taken before the right of appeal has expired, is not vacated by the appropriation by Congress of the amount necessary to pay the judgment.

This was a motion to dismiss. The case is stated in the opinion of the court.

*Mr. John Paul Jones,* in person, for the motion.

*Mr. Attorney General* and *Mr. Heber J. May, Assistant Attorney,* opposing.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The grounds of this motion are :

1. That under the law as it now stands no appeal lies from a judgment of the Court of Claims to this court; and,

2. That since the appeal was taken Congress has appropriated the amount necessary to pay the judgment.

The case of *Gordon* v. *United States,* 2 Wall. 561, holding that no appeal would lie from a judgment of the Court of Claims to this court, was announced March 10, 1865. The

cause was originally submitted on the 18th of December, 1863, and on the 10th of April, 1864, it was ordered for argument on the second day of the next term. Chief Justice Taney died October 12, 1864, and the case was not reargued under the special order of the previous term until January 3, 1865. Consequently, the opinion published as an appendix to 117 U. S. 697 must have been prepared by him before the decision was actually made. The records of the court show that in announcing the judgment Chief Justice Chase said: "We think that the authority given to the head of an Executive Department by necessary implication in the 14th section of the amended Court of Claims Act, to revise all the decisions of that court requiring payment of money, denies to it the judicial power, from the exercise of which alone appeals can be taken to this court. The reasons which necessitate this conclusion may be more fully announced hereafter. At present, we restrict ourselves to this general statement, and to the direction that the cause be dismissed for want of jurisdiction." This differs somewhat from the case as reported by Mr. Wallace, and shows precisely the ground of the opinion, to wit, the special provisions of § 14. That section was as follows:

"Sec. 14. That no money shall be paid out of the Treasury for any claim passed on by the Court of Claims till after an appropriation therefor shall have been estimated for by the Secretary of the Treasury."

At the next session of Congress after this decision the objectionable section was repealed by the act of March 17, 1866, c. 19, 14 Stat. 9, and the Court of Claims was directed to transmit, at the end of every term, a copy of its decisions to the heads of departments and certain other officers specially mentioned. From that time until the presentation of this motion it has never been doubted that appeals would lie. Indeed, immediately after the repealing act went into effect, and before the adjournment of the term then being held, a set of rules regulating such appeals was promulgated by this court, and it is safe to say that there has never been a term since in which many cases of the kind have not been heard

and decided without objection from any one. At December Term, 1866, in *De Groot* v. *United States*, 5 Wall. 419, 427, the new rules were referred to and explained; and at the next term, in December, 1867, in *United States* v. *Alire*, 6 Wall. 573, 576, a case which could not be entertained on a general appeal, was sent back in order that a special appeal might be allowed of which this court could take jurisdiction. In delivering the opinion, Mr. Justice Nelson, who was with the majority when *Gordon's Case* was decided, after referring to that case as denying the jurisdiction of this court " on account of the power of the Executive Department over its judgment by the 14th section of the act of 1863," said " that section was repealed by the first section of the act of March 17th, 1866." So, too, in *United States* v. *O'Grady*, 22 Wall. 641, Mr. Justice Clifford, who also concurred in the judgment in *Gordon's Case*, said, for the court: " The Supreme Court declined to take jurisdiction of such appeals chiefly for the reason that the act practically subjected the judgments of the Supreme Court rendered in such cases to the re-examination and revision of the Secretary of the Treasury ; " but, he added, " subsequently Congress repealed the provision conferring that authority upon the Secretary of the Treasury, and since that time no doubt has been entertained that it is proper that the Supreme Court should exercise jurisdiction of appeals in such cases." This case was decided at October Term, 1874, and afterwards, at October Term, 1879, in *Langford* v. *United States*, 101 U. S. 341, 344, 345, Mr. Justice Miller, who dissented from the judgment in *Gordon's Case*, after referring to that case and the grounds of its decision, said: " An act of Congress removing this objectionable feature having passed the year after that decision, this appellate power of this court has been exercised ever since." It is manifest, therefore, not only that the jurisdiction was originally denied solely on the ground of the objectionable 14th section, but that, with this section repealed, nothing has ever been supposed until now to stand in the way of our taking cognizance of such cases.

Reference is now made in argument to § 236 of the Revised Statutes, which provides that all claims and demands against

the United States shall be settled and adjusted in the Department of the Treasury, and it is claimed that this is the equivalent of the objectionable 14th section as a bar to our jurisdiction. This section of the Revised Statutes is not new law. It was first enacted as § 2 of the act of March 3, 1817, c. 45, 3 Stat. 366, and it has been in force ever since. It evidently relates to an entirely different class of duties from that to which the payment of the judgments of the Court of Claims belongs. As to such judgments, the duty of the Secretary of the Treasury is to pay them out of "any general appropriation made by law for the payment and satisfaction of private claims, on presentation" to him "of a copy of said judgment, certified" according to law. Rev. Stat. § 1089. Of course this applies as well to special appropriations made for the satisfaction of the particular judgment. Under this statute the Secretary has no power whatever to go behind the judgment in his examination.

Reference is also made to an act of March 3, 1875, c. 149, 18 Stat. 481, which provides for "deducting any debt due the United States from any judgment recovered against the United States by such debtor;" but this gives the accounting officers of the government no authority to reëxamine the judgment. It only provides a way of payment and satisfaction if the creditor shall, at the time of the presentation of his judgment, be a debtor of the United States for anything except what is included in the judgment, which is conclusive as to everything it embraces.

It is unnecessary to pursue this branch of the case further. We are entirely satisfied that, as the law now stands, appeals do lie to this court from the judgments of the Court of Claims in the exercise of its general jurisdiction.

As to the second ground of the motion, it is sufficient to say, that it is expressly provided, in the act making the appropriation referred to, "that none of the judgments herein provided for shall be paid before the right of appeal shall have expired." 24 Stat. 282. As this appeal was taken in time, the appropriation is not applicable to the payment of the judgment, at least until the case has been disposed of here.

*The motion to dismiss is denied.*