## DISTRICT OF COLUMBIA v. ESLIN.

APPEAL FROM THE COURT OF CLAIMS.

No. 36. Argued October 23, 1901.—Decided November 3, 1901.

The act of June 16, 1880, c. 243, gave the Court of Claims jurisdiction of claims against the District of Columbia like the one which forms the subject of this action. This case was duly heard by the Court of Claims, and final judgment was entered in favor of the claimants. The District of Columbia appealed to this court, and later moved to set aside the judgment, and to grant a new trial, pending the decision upon which Congress repealed the act of June 16, 1880, and enacted that all proceedings under it should be vacated, and that no judgment rendered in pursuance of that act should be paid. *Held*, that this appeal must be dismissed for want of jurisdiction, and without any determination of the rights of the parties.

THE statement of facts will be found in the opinion of the court.

*Mr. Robert A. Howard* for appellant. *Mr. Assistant Attorney General Pradt* was on his brief.

*Mr. George A. King* and *Mr. J. W. Douglass* for appellee. *Mr. William B. King* filed a brief for same.

MR. JUSTICE HARLAN delivered the opinion of the court.

By an act of Congress approved June 16, 1880, c. 243, the jurisdiction of the Court of Claims was extended to all claims then existing against the District of Columbia arising out of contracts by the late Board of Public Works and extensions thereof made by the Commissioners of the District, as well as to such claims as had arisen out of contracts by the District Commissioners after the passage of the act of June 20, 1874, 18 Stat. 116, c. 337, and all claims for work done by the order or direction of the Commissioners and accepted by them for the use, purposes or benefit of the District prior to March 14,

1876. It was provided that all such claims against the District should in the first instance be prosecuted before the Court of Claims by the contractor, his personal representatives or his assignee, in the same manner and subject to the same rules in the hearing and adjudication of the claims as the court then had in the adjudication of claims against the United States. 21 Stat. 284, 285, §§ 1, 2.

By the same act it was provided that if no appeal was taken from the judgment of the Court of Claims in the cases therein provided for, within the term limited by law for appealing from the judgments of that court, "and in all cases of final judgments by the Court of Claims, or, on appeal, by the Supreme Court where the same are affirmed in favor of the claimant, the sum due thereby shall be paid, as hereinafter provided, by the Secretary of the Treasury." § 5.

These consolidated suits were brought under the above act, and within the time limited by its provisions.

In the progress of the cause a judgment was rendered in one of the cases in favor of the District for $658.05, and in the others the petitions were severally dismissed. New trials were granted in each case, and time was given for further proof.

By an act of Congress approved February 13, 1895, c. 87, amendatory of the above act of June 16, 1880, it was provided that in the adjudication of claims brought under the act of 1880, "the Court of Claims shall allow the rates established by the Board of Public Works; and whenever said rates have not been allowed, the claimant or his personal representative shall be entitled, on motion made within sixty days after the passage of this act, to a new trial of such cause." 28 Stat. 664.

The cases were heard on the exceptions of the defendant to a referee's report, and the aggregate amount found due from the District was $13,458.33. And the record states that upon the facts set forth in the referee's report "the court, under the act of February 13, 1895, 28 Stat. 664, and in accordance with the agreement of the parties, decides as conclusions of law as to the said sum of $13,458.33, so found due from the District of Columbia, that the several claimants named below each recover judgment against the United States in the amounts stated, viz."

Here follows, in the record, a statement of the amount found due each claimant, the aggregate being the above sum.

The order referring the cause for a statement of the several accounts was made after the passage of the act of February 13, 1895, and the referee's report was made pursuant to the provisions of that act.

In accordance with the findings of fact and of law the court, on the 22d of June, 1896, entered final judgment in favor of the respective claimants for the amounts found due them respectively, the judgment upon its face purporting to be "within the intent and meaning of the act of February 13, 1895."

On the 3d of September, 1896, the District of Columbia, by the Attorney General of the United States, made application for and gave notice of an appeal to this court. Subsequently, February 25, 1897, the District moved to set aside the judgment of June 22, 1896, and to grant a new trial.

While the motion for new trial was pending Congress passed the act of March 3, 1897, c. 387, making appropriations for the expenses of the government of the District for the fiscal year ending June 30, 1898. That act among other things provided that the above act of February 13, 1895, "be, and the same is hereby, repealed, and *all proceedings pending shall be vacated, and no judgment heretofore rendered in pursuance of said act shall be paid.*" 29 Stat. 665, 669.

Our attention was called by counsel to the case of *In re Hall,* 167 U. S. 38, 41, in which it is stated that the Court of Claims made the following general order: "The act of 13 February, 1895, 28 Stat. 664, having been repealed by Congress, it is ordered in all suits brought under or subsequent to said act that motions for new trial, applications for judgments and all other papers in such suits be restored to and retained upon the files of the court without further proceedings being had." This order is not found in the present record.

What was the effect of the act of 1897 upon the power of this court to reëxamine the final judgment of the Court of Claims in these cases? In our opinion, there can be only one solution of this question.

The present cases were brought under the act of 1895, and

were determined with reference to its provisions.   In view of the repeal of that act by Congress, the requirement that pending proceedings be vacated, and the express prohibition of the payment of judgments theretofore rendered, any declaration by this court as to the correctness of the final judgment entered by the Court of Claims under the act of 1895 would be useless for every practical or legal purpose, and would not be in the exercise of judicial power within the meaning of the Constitution.   It was an act of grace upon the part of the United States to provide for the payment by the Secretary of the Treasury of the amount of any final judgment rendered under that act.   And when Congress by the act of 1897 directed the Secretary not to pay any judgment based on the act of 1895, that officer could not be compelled by the process of any court to make such payment in violation of the act of 1897.   A proceeding against the Secretary having that object in view would, in legal effect, be a suit against the United States; and such a suit could not be entertained by any judicial tribunal without the consent of the Government.   It seems therefore clear that a declaration by this court in relation to the matters involved in the present appeal would be simply advisory in its nature, and not in any legal sense a judicial determination of the rights of the parties.   What was said by Chief Justice Taney in *Gordon* v. *United States,* 117 U. S. 697, 702, may be here repeated.   After stating that this court should not express an opinion where its judgment would not be final and conclusive upon the rights of the parties, and that it was an essential part of every judgment passed by a court exercising judicial power that it should have authority to enforce it, or to give effect to it, the Chief Justice said: "It is no judgment, in the legal sense of the term, without it.   Without such an award the judgment would be inoperative and nugatory, leaving the aggrieved party without a remedy.   It would be merely an opinion, which would remain a dead letter, and without any operation upon the rights of the parties, unless Congress should at some future time sanction it, and pass a law authorizing the court to carry its opinion into effect.   Such is not a judicial power confided to this court in the exercise of its appellate ju-

risdiction; yet it is the whole power that the court is allowed to exercise under this act of Congress." See also *Hayburn's Case*, 2 Dall. 409; *United States* v. *Ferreira*, 13 How. 40, 46; *In re Sanborn*, 148 U. S. 222, and *Interstate Commerce Commission* v. *Brimson*, 154 U. S. 447, 483, 486.

It results that:

> *As no judgment now rendered by this court would have the sanction that attends the exercise of judicial power, in its legal or constitutional sense, the present appeal must be dismissed for want of jurisdiction and without any determination of the rights of the parties. It is so ordered.*