WILLIAM POST, as Guardian ad Litem of DONALD POST, an Infant, and Others, Respondents, v. THE METROPOLITAN CASUALTY INSURANCE COMPANY OF NEW YORK, Appellant.

Fourth Department, November 7, 1929.

*Charles E. Spencer*, for the appellant.

*Francis L. McElroy* [*Clifford H. Searl* of counsel] for William Post and others, respondents.

*Daniel Scanlon,* for the respondent Talmadge C. Cherry, as receiver.

CROSBY, J. This is an action for a declaratory judgment brought under section 473 of the Civil Practice Act. The appeal is from an order denying defendant's motion to dismiss the complaint. All facts alleged in the complaint must be taken as true. The facts are simple. Plaintiff Cherry is receiver of a railroad that is insolvent. Mortgages covering all its assets are now being foreclosed and there will be nothing left for unsecured creditors. All the other plaintiffs have causes of actions against said railroad, growing out of an accident. In another and companion action a judgment for $7,500 has already been recovered. The combined judgments likely to be recovered will amount to more than $25,000. At the time of the accident said railroad owned an insurance policy, in force, issued by defendant, insuring the said railroad " against any loss or losses in excess of $25,000 which the [railroad] may be required to pay and shall pay by reason of liability * * * on account of " accidents, etc. The said railroad has done everything proper and necessary to do in the way of giving defendant notice of the accident, and of claims made, and has co-operated fully.

The claim is made by defendant that, under the terms of the policy hereinbefore quoted, its liability to pay to persons who may secure judgments against said railroad, pursuant to section 109 of the Insurance Law (added by Laws of 1917, chap. 524, as amd. by Laws of 1924, chap. 639), will in no case accrue unless and until said railroad has actually paid $25,000 upon such judgments as may be recovered. As the railroad is never going to be able to pay anything it becomes important to determine whether defendant's claim is valid, or whether, as claimed by plaintiffs, defendant may be called upon to pay the amount of such judgments as may be recovered after deducting the $25,000 for which the railroad will be liable but financially unable to pay.

The railroad and the parties injured in the accident join as plaintiffs in this action against defendant and ask a declaratory judgment construing the terms of the insurance policy and informing the parties whether, if judgments aggregating more than $25,000 are recovered, and if the railroad is unable to pay the first $25,000, the defendant may be called upon to pay pursuant to section 109 of the Insurance Law. Defendant contends that a declaratory judgment cannot be rendered declaring what the rights of parties will be *if* certain things happen, such as *if* judgments for more than $25,000 shall be recovered, and *if* the railroad will

be unable to pay the first $25,000, and *if* the railroad shall have fully co-operated with defendant, and *if* executions upon the judgments shall be returned unsatisfied.

It is true, of course, that parties cannot come into court and secure free advice to guide them in making contracts and entering upon business ventures. There must be an existing controversy, and the court must have before it the parties to the controversy and the subject-matter, so that an adjudication, when made, will serve some purpose. The court will not, by declaratory judgment, undertake to advise A what he may expect if he enters into a certain contract with B, and if B shall act so and so in regard to the carrying out of the contract.

But the instant case presents no such situation. Defendant is mistaken in its contention that the court is being asked to pass upon contingencies that may never occur. The necessary vital things have already occurred, or are assured, to make a real controversy. By making a motion under rule 106 of the Rules of Civil Practice to dismiss the complaint for failure to state a cause of action defendant has admitted the allegations in the complaint, that judgments for more than $25,000 will be recovered, that the railroad will be unable to pay its $25,000, that the railroad has fully co-operated so as to make the policy binding and beneficial to the other plaintiffs herein. The judgment prayed for will not be founded upon " ifs " as asserted by defendant. It is founded upon the actualities alleged and admitted. The controversy is very real and all issues involved in it can be tried, and all possible interests and parties bound by the decision.

And how much better to determine the construction of the terms of that policy in advance of trying several lawsuits which may never be tried if it is determined that defendant is not liable until the railroad has actually paid $25,000. Everything is gained and nothing lost. Even if all these negligence actions were tried, the present action, in some form, would still have to be tried, for defendant would still deny liability under the terms of the policy even after judgments of more than $25,000 were recovered and executions against the railroad returned wholly unsatisfied. Defendant by denying its liability and then opposing a speedy construction of the terms of the policy seeks the advantage of discouraging the prosecution of the negligence actions by the threat that, even if plaintiffs are successful, no tangible results can be obtained. It would be difficult to think of a situation wherein the purpose behind section 473 of the Civil Practice Act could find better vindication than the very situation we have here. One plaintiff has already recovered $7,500. There are left four

negligence actions yet to be tried, to be followed, if the plaintiffs succeed in recovering over $17,500 in the aggregate, by four actions against this defendant pursuant to section 109 of the Insurance Law. At least one of these latter four actions will have to be tried as a test case. That makes five actions to be tried, four of which are of a kind that requires days to try. None of them need be, or likely will be, tried if defendant is vindicated in its claim as to the construction to be given the policy, and this issue is so narrow it can be tried in a few minutes. Why should not defendant submit that issue now? Section 473 of the Civil Practice Act is clearly broad enough to warrant the court in compelling defendant to submit that issue. The section provides that the Supreme Court may " declare rights and other legal relations * * * whether or not further relief is *or could be* claimed." (See, also, Rules Civ. Prac. rules 210–214.) I apprehend that what is necessary is a genuine present controversy, with the subject-matter and the parties in interest in court, together with a situation where adequate relief is not presently available through the means of other existing forms of action. The instant case meets these requirements.

I have studied all the New York cases cited in both briefs herein, and none is exactly in point here. One case, however, cited in the briefs on both sides, contains language, in the opinion, that is peculiarly appropriate to the instant case: " The most fruitful field for the use of this form of relief is in the construction of written instruments." (*Loesch* v. *Manhattan Life Ins. Co.*, 128 Misc. 232.) In that case plaintiff was denied a declaratory judgment because he had a complete and immediate remedy in other existing forms of action, the defendant having committed an anticipatory breach of the whole contract.

Defendant's claim is in effect that, in order to secure a declaratory judgment, plaintiff must have a present, rather than a contingent, right, that defendant must have invaded that right, so that plaintiff would have a present cause of action for damages or other appropriate remedy. One wonders what good purpose section 473 of the Civil Practice Act was intended to serve. It was designed to supply the need for a form of action that would set controversies at rest before they led to the repudiation of obligations, the invasion of rights and the commission of wrongs. The benevolent purposes of the statute should not be thwarted by narrow and technical construction.

The order appealed from should be affirmed.

All concur, CROUCH, J., in result upon the ground that the complaint is sufficient as to the receiver. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and CROSBY, JJ.

Order affirmed, with ten dollars costs and disbursements.