## PAN AMERICAN PETROLEUM CO. et al. v. CHASE NAT. BANK OF CITY OF NEW YORK.

### No. 7799.

Circuit Court of Appeals, Ninth Circuit.

April 20, 1936.

Homer D. Crotty, David P. Evans, and Gibson, Dunn & Crutcher, all of Los Angeles, Cal., for appellant McDuffie.

Clayton T. Cochran, of Los Angeles, Cal., for appellant Pan American Petroleum Co.

Joseph V. Kline, Milton Black, and Mudge, Stern, Williams & Tucker, all of New York City, and Clarence M. Hanson and Freston & Files, all of Los Angeles, Cal., for appellee.

Before WILBUR, GARRECHT, and DENMAN, Circuit Judges.

DENMAN, Circuit Judge.

This case comes up on appeal from a declaratory judgment entered in response to a separate complaint which was brought in the course of receivership and foreclosure proceedings. The facts, about which there is no material dispute, are set out in the pleadings. The trial judge incorporated the pleadings by reference in his memorandum opinion and treated them, together with the opinion, as his findings of fact.

In 1925, for the purpose of securing a $10,441,400 bond issue, Pan American Petroleum Company, a California corporation, executed a mortgage and deed of trust upon certain of its real and personal estate. Chase National Bank, a New York corporation, was named trustee. On April 30, 1932, Chase National filed a bill in the District Court in Los Angeles against Pan American for the purpose of foreclosing this mortgage.

In the meantime, other creditors had brought actions in the same court against Pan American and against Richfield Oil Company, a Delaware corporation, which owned, subject to incumbrances, all the outstanding stock of Pan American. There was also some litigation, in the same court, between Richfield and its subsidiary, Pan American. Among the claims which had been brought against Richfield and Pan American, there was one action which sought foreclosure of a trust deed on the properties of Richfield, executed to secure a $24,981,000 bond issue of that company. By the time Chase National brought its foreclosure action, both Pan American and Richfield were in receivership; appellant William C. McDuffie having been appointed receiver of both corporations. The foreclosure suit brought by appellee, Chase National Bank, was filed pursuant to leave of the court having jurisdiction over Pan American by virtue of the receivership.

On January 25, 1934, the District Court entered an order reciting that, because of the close connection between Pan American and Richfield and because their properties together constituted an integrated business unit, a better foreclosure sale price could be had if the properties were sold as a unit, and not separately; and ordered, by reason of the foregoing, that all suits against Richfield be consolidated with all suits against Pan American. The suit of Chase National was a member of this latter group.

Subsequently there came on for hearing in the consolidated cause a motion for final decree of foreclosure and sale; the requested decree providing for public judicial sale of substantially all the tangible property and assets of Pan American.

Argument was had on the proposed final decree of foreclosure sale, and the same was in substance accepted by all parties to this appeal, subject to a controversy between them as to the application of a particular statute. That controversy is the subject of this action for declaratory relief, and the entry of the proposed decree of foreclosure and sale is awaiting final decision on the complaint for declaratory judgment.

At the stage in the proceedings just narrated, the present complaint was filed,

setting forth, in addition to the facts detailed above, that an actual controversy existed between the plaintiff Chase National Bank on the one hand and the defendants Pan American and William C. McDuffie as receiver of Richfield on the other; such controversy concerning itself with the application to this action of the Act of March 3, 1898, 27 Stat. 751, as amended June 19, 1934, 48 Stat. 1119 (see 28 U.S.C.A. § 847): "All real estate or any interest in land sold under any order or decree of any United States court shall be sold at public sale * * * as the court rendering such order or decree of sale may direct: *Provided, however,* That the court may, upon petition therefor and a hearing thereon after such notice to parties in interest as said court shall direct, if it find that the best interests of said estate will be conserved thereby, order and decree the sale of such real estate or interest in land at private sale: *Provided further,* That the court shall appoint three disinterested persons to appraise said property, and said sale shall not be confirmed for less than two thirds of the appraised value."

By 28 U.S.C.A. § 848, foreclosure sales of personal property are made subject to the above provision, except when the court considers that such personal property could be better disposed of otherwise.

■ That portion of the section which commences with the first italicized *"Provided"* was added by the amendment of June 19, 1934. The controversy between the parties arose by reason of the contention of the defendants that the second proviso of the amendment relating to appraisal of the property by three disinterested persons applied, not only to private sales, but to public judicial sales as well; and that hence the decree of foreclosure and public sale could not be entered without such an appraisal. The parties were also in controversy over certain matters of the constitutionality and application of the appraisal amendment, if the court should be of opinion that the appraisal amendment should be construed to apply to public as well as private sales. These secondary controversies, for reasons which will amply appear, need not be discussed herein.

The answer of the defendants admitted, in substantial particulars, the allegations of the complaint; the issues raised by the pleadings being confined to the legal question of the proper application of the ap-

praisal amendment. The cause came on for a hearing and was submitted to the court upon separate motions for judgment on the pleadings. The court duly rendered its judgment declaring that the effect of the statute in question was not to make appraisal of the property a prerequisite of foreclosure by public sale, but that such appraisal was necessary only in private foreclosure sales. Pan American Petroleum Company and William C. McDuffie, as receiver of Richfield, thereupon took this appeal.

At the outset we agree with all parties to the appeal that a justiciable controversy was presented under Judicial Code § 274d (28 U.S.C.A. § 400), providing that: "In cases of actual controversy * * * the courts of the United States shall have power upon petition, declaration, complaint, or other appropriate pleadings to declare rights and other legal relations of any interested party petitioning for such declaration."

Elements of federal jurisdiction, i. e., diversity of citizenship and an amount in controversy in excess of $3,000, were present, and there is no doubt that an actual and important controversy existed, meriting declaratory relief.

Returning to the merits of the case: Subsequent to the submission of this cause on appeal, the pertinent statute (48 Stat. 1119) has been twice amended. April 24, 1935, 49 Stat. 159, June 19, 1935, 49 Stat. 390 (28 U.S.C.A. § 847). The pertinent provisions now read (after providing for public sale): "After a hearing of which notice to all interested parties shall be given by publication or otherwise as the court may direct, the court may order and decree the sale of such real estate or interest in land or any part thereof at private sale for cash or other considerations and upon such terms and conditions as the court directing the sale may approve, if it finds that the best interests of the estate will be conserved thereby: *Provided,* That before confirmation of any private sale, the court shall appoint three disinterested persons to appraise said property or, if the court deems advisable, different groups of three appraisers each to appraise properties of different classes or situate in different localities, and no private sale shall be confirmed at a price less than two-thirds of the appraised value: * * * The provisions of this section shall apply to

sales and proceedings now pending in the courts of the United States as well as those commenced hereafter."

■ The doubt as to the proper construction of 28 U.S.C.A. § 847, which existed before the recent amendments has disappeared. It is clear that, as the section now stands, the appraisal provisions do not apply to cases of public sale, such as the one now pending.

Affirmed.