**MARYLAND CASUALTY CO. v. HUBBARD et al.**

**No. 1262–Y.**

District Court, S. D. California,
Central Division.

March 22, 1938.

Schell & Delamer, by G. F. Delamer, of Los Angeles, Cal., for plaintiff.

Lasher B. Gallagher, of Los Angeles, Cal., for defendant Hubbard.

Joe Crider, Jr., by Clarence B. Runkle, of Los Angeles, Cal., for defendant Employers' Liability Assur. Corporation.

YANKWICH, District Judge.

The amended bill of complaint for declaratory relief shows these facts: Joe Petronovich owned a Ford automobile in Gallup, New Mexico, and had obtained from the defendant Employers Liability Assurance Company (to whom we shall refer as "the defendant-insurer") a policy of public liability insurance which contained an omnibus clause extending the coverage to any person operating the automobile with the owner's permission. The defendant L. K. Blackwell borrowed the automobile, and, while driving it in Gallup, New Mexico, with the owner's consent, struck and injured the defendant Harry P. Hubbard, who has sued Blackwell and the defendant Ridgeway Audit, Inc., Blackwell's alleged employer, in the superior court of the State of California, for Los Angeles county.

The action is pending. Prior to the accident, the plaintiff, a Maryland corporation, issued, in the State of Washington, its nonownership public liability policy to the defendant Ridgeway Audit, Inc., which it asserts constituted excess and not primary coverage in the event of the existence of any other valid public liability coverage. The policy contains the following clause: "III Further, the Company will investigate all accidents and claims covered hereunder, and defend in the name and on behalf of the Assured all suits thereon, even if groundless, of which notices are given to it as hereinafter required; and will pay, irrespective of the limit of liability provided for in Insuring Agreement I, the expense (including as a part thereof Court costs, all premiums on release-of-attachment and/or appeal bonds required in any such proceedings, and all interest accruing after entry of a judgment for any part of which the Company is liable hereunder and up to the date of payment, tender, or deposit in Court, by the Company of its share of such judgment) incurred by it in such investigation and defense; but the Company reserves the right to settle any such claim or suit." The bill avers that the defendant-insurer's policy contained a similar clause. The defense of the accident has been tendered to the defendant-insurer, but it has refused to take it, denying liability. The controversy arises from this refusal, and denial of liability and the contention of the plaintiff that the defendant-insurer's policy is primary coverage and the plaintiff's is merely excess coverage, after the liability of the defendant-insurer's policy has been exhausted.

The requisite diversity of citizenship and jurisdictional amount are present. 28 U.S.C.A. § 41(1).

The defendant-insurer has moved to dismiss the bill, upon the ground that it fails to state, as against it, a cause of relief under the Declaratory Judgments Act, 28 U.S.C.A. § 400.

Its position is that there is no privity between it and the plaintiff. It says that only after Hubbard secures a judgment against Ridgeway Audit, Inc., and the plaintiff pays it, would it be subrogated to whatever right of action Ridgeway Audit, Inc., had against defendant company by reason of the Petronovich policy. This right, it declares, is

purely contingent and dependent upon the happening of future events which have not yet occurred or upon an issue which has not yet ripened and which is outside of the power of the court to determine through a declaratory judgment.

■ To be entertained under the Declaratory Judgments Act, controversies must be justiciable.

■ In Aetna Life Insurance Co. v. Haworth, 1937, 300 U.S. 227, 240, 241, 57 S. Ct. 461, 464, 81 L.Ed. 617, 108 A.L.R. 1000, the court has stated the conditions which make for justiciability: "The controversy *must be definite and concrete, touching the legal relations of parties having adverse legal interests.* * * * It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts. * * * Where there is such a concrete case admitting of an immediate and definitive determination of the legal rights of the parties in an adversary proceeding upon the facts alleged, the judicial function may be appropriately exercised although the adjudication of the rights of the litigants may not require the award of process or the payment of damages." (Italics added.)

■ In interpreting declaratory judgments acts, the trend is to extend their benefit to the interests of parties which are jeoparded or challenged even before a right of action exists or cause of action accrues. Borchard says: "The opposition to the plaintiff's demand must come from a source competent legally to jeopardize his right. Where, however, that is conceded, it still remains to determine whether the plaintiff has a sufficient interest, pecuniary or personal, to institute a proceeding worthy of judicial relief. He must show that his rights are in direct issue or jeopardy; and incidental thereto, must show that the facts are sufficiently complete, mature, proximate, and ripe to place him in gear with his adversary, and thus to warrant the grant of judicial relief. Just when the controversy has reached the stage of maturity cannot be a priori defined." Borchard, Declaratory Judgments (1934) p. 36.

■ A declaration of nonliability is within the ambit of justiciability. Edwin Borchard, Justiciability (1936), 4 University of Chicago Law Review, 1–24; Borchard, Recent Developments in Declaratory Relief (1936), 10 Temple Law Quarterly, 233.

■ In the field of liability insurance, the right to a judicial declaration of liability or nonliability upon the happening of the accident has been given full recognition. Aetna Life Insurance Co. v. Haworth, 1937, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000; Aetna Life Ins. Co. v. Williams, 1937, 8 Cir., 88 F.2d 929; Central Surety & Insurance Corporation v. Caswell, 1937, 5 Cir., 91 F.2d 607; Columbian National Life Insurance Co. v. Foulke, 1937, 8 Cir., 89 F.2d 261; Stephenson v. Equitable Life Assurance Society of U. S., 1937, 4 Cir., 92 F.2d 406; Farm Bureau Mutual Automobile Ins. Co. v. Daniel, 1937, 4 Cir., 92 F.2d 838; Carpenter v. Edmonson, 1937, 5 Cir., 92 F.2d 895; Western Casualty Co. v. Beverforden, 1937, 8 Cir., 93 F.2d 166. And see John A. Appleman, "Automobile Insurance and the Declaratory Judgment," 1937, 23 A.B.A.Journal, 551.

■ A demand that the insurer defend an action warrants an appeal to courts for a declaration of nonliability. Associated Indemnity Corporation v. Manning, 1937, 9 Cir., 92 F.2d 168; Travelers Ins. Co. v. Young, 1937, D.C.N.J., 18 F.Supp. 450; United States Fidelity & Guaranty Co. v. Hearn, 1936, 233 Ala. 31, 170 So. 59; American Motorists Ins. Co. v. Central Garage, 1933, 86 N.H. 362, 169 A. 121. When the policy obligates the insurer to defend, declarations seeking to free him from the obligation have been entertained even when *no demand* to defend a pending action had actually been made on him. Ohio Casualty Ins. Co. v. Plummer, 1935, D.C.Tex., 13 F.Supp. 169; American Motorists Ins. Co. v. Busch, 1938, D.C.Cal., 22 F.Supp. 72, decided February 7, 1938, by our colleague, the Honorable Ralph E. Jenney; Commercial Casualty Insurance Co. v. Humphrey, 1935, D.C.Tex., 13 F.Supp. 174.

These decisions accord with others holding that courts may intervene by way of declaration "either before or after the stage of relief by coercion has been reached." Gully v. Interstate Natural Gas Co., 1936, 5 Cir., 82 F.2d 145, 149; see: Hann v. Venetian Blind Corporation, 1936, D.C.Cal., 15 F.Supp. 372; Pan American Petroleum Co. v. Chase Nat. Bank, 1936, 9 Cir., 83 F. 2d 447.

To apply these principles to the facts here:

700

An action for damages resulting from the injury is pending. The bill, the allegations of which are taken as true, for the purpose of the motion to dismiss, Hill v. Wallace, 1922, 259 U.S. 44, 61, 42 S.Ct. 453, 455, 66 L.Ed. 822; Arizona v. California, 1931, 283 U.S. 423, 452, 51 S.Ct. 522, 525, 75 L.Ed. 1154; San Francisco S. News Co. v. City of South San Francisco, 1934, 9 Cir., 69 F.2d 879, avers that both policies cover the risk. The insured under the plaintiff's policy, Ridgeway Audit, Inc., is a party to this action. But while the insured under the defendant-insurer's policy (Petronovich) is not a party, because he is beyond our jurisdiction, the bill avers that the policy inured also to the benefit of the defendant Blackwell, who was driving with the owner's consent. If judgment in the action for damages, to which it is also a party, be against Ridgeway Audit, Inc., it would be entitled to reimbursement from Blackwell and from the defendant-insurer.

The plaintiff, if compelled to pay the judgment, by reason of its coverage, would be subrogated to the rights of Ridgeway Audit, Inc., against the defendant. Central Surety & Ins. Corporation v. London & Lancastershire Indemnity Co., 1935, 181 Wash. 353, 43 P.2d 12; Travelers' Ins. Co. v. Great Lakes Engineering Co., 1911, 6 Cir., 184 F. 426, 36 L.R.A.,N.S., 60. In fact, its policy so declares.

Often has a declaration been allowed, although liability depended upon a contingency which had not yet happened.

Thus, in Post v. Metropolitan Casualty Ins. Co., 1929, 227 App.Div. 156, 237 N.Y.S. 64, the court had under consideration a liability policy under which the insurer was not liable until the insured railway company had paid a minimum of $25,000 in judgments. Several actions were pending. In one, judgment had been given for $7500. The demands in the others, when added to this judgment, more than exceeded the $25,-000 limit. The railway company was hopelessly insolvent. Its receiver sought a declaration that the insurer was liable for damages in excess of $25,000, even though the railway company was unable to pay the minimum of $25,000.

The insurer sought a dismissal on the ground that the plaintiff's right was not present, but contingent.

Sustaining the trial court's refusal to dismiss, the court said: "The section provides that the Supreme Court may 'declare rights and other legal relations, * * * whether or not further relief is or could be claimed.' (See, also, Rules Civil Practice, rules 210–214.) I apprehend that what is necessary is a genuine present controversy, with the subject-matter and the parties in interest in court, together with a situation where adequate relief *is not presently available through the means of other existing forms of action. The instant case meets these requirements.* * * * Defendant's claim is, in effect, that, in order to secure a declaratory judgment, plaintiff *must have a present, rather than a contingent, right,* and that defendant must have invaded that right, so that plaintiff would have a present cause of action for damages or other appropriate remedy. One wonders what good purpose section 473, Civil Practice Act, was intended to serve. It was designed to supply the need for a form of action that would set controversies at rest before they led to the repudiation of obligations, the invasion of rights, and the commission of wrongs. *The benevolent purposes of the statute should not be thwarted by narrow and technical construction.*" Post v. Metropolitan Casualty Ins. Co., 1929, 227 App.Div. 156, 159, 237 N.Y.S. 64, 68. (Italics added.) There are, it is true, points of difference between that case and this. There, the action was instituted by the receiver for the insured. Here, neither Petronovich nor Blackwell is bringing the action.

The rights arising from subrogation may seem remote and dependent on contingencies which may or may not happen. 1 C.J. S., Actions, § 18, pp. 1030, 1031. The claim may seem merely apprehended. Ashwander v. Tennessee Valley Authority, 1936, 297 U.S. 288, 324, 325, 56 S.Ct. 466, 472, 473, 80 L.Ed. 688; Bettis v. Patterson-Ballagh Corporation, 1936, D.C.Cal., 16 F.Supp. 455; Bettis v. Patterson-Ballagh Corporation, Ltd., 16 F.Supp. 455, 31 U.S.P.Q. 73.

And there is no contractual relation between the plaintiff and the defendant insurer.

However, Blackwell is a defendant in the action for damages pending in the state court. He is also a defendant here. The defendant-insurer has refused to defend the action for damages. The existence of insurance other than its own would make the plaintiff's liability secondary, and would relieve it of the duty to defend the action.

Neither insurer could be joined in that action. Van Derhoof v. Chambon, 1932, 121 Cal.App. 118, 8 P.2d 925. So their

respective obligations cannot be determined there. Therefore, one of them comes here and seeks a declaration of the conditions of its liability which, if made, will amount to a declaration of no obligation to defend and of conditional liability for judgment, i. e., liability only after the full liability of the defendant-insurer has been discharged under its policy.

█ Assume that no compulsory judgment of any kind could be rendered against the defendant-insurer, this does not stand in the way of a declaration.

As said in Nashville, C. & St. L. Ry. Co. v. Wallace, 1933, 288 U.S. 249, 263, 53 S. Ct. 345, 348, 77 L.Ed. 730, 87 A.L.R. 1191: "While the ordinary course of judicial procedure results in a judgment requiring an award of process or execution to carry it into effect, such relief is not an indispensable adjunct to the exercise of the judicial function. Fidelity National Bank v. Swope, supra, 274 U.S. [123] 132, 47 S.Ct. 511, 71 L.Ed. 959. This court has often exerted its judicial power to adjudicate boundaries between states, although it gave no injunction or other relief beyond the determination of the legal rights which were the subject of controversy between the parties, Louisiana v. Mississippi, 202 U.S. 1, 26 S.Ct. 408, 571, 50 L.Ed. 913; Arkansas v. Tennessee, 246 U.S. 158, 38 S.Ct. 301, 62 L.Ed. 638, L.R.A. 1918D, 258; Georgia v. South Carolina, 257 U.S. 516, 42 S.Ct. 173, 66 L.Ed. 347; Oklahoma v. Texas, 272 U.S. 21, 47 S.Ct. 9, 71 L.Ed. 145; Michigan v. Wisconsin, 272 U.S. 398, 47 S.Ct. 114, 71 L.Ed. 315; and to review judgments of the Court of Claims, although no process issues against the government, United States v. Jones, 119 U.S. 477, 7 S.Ct. 283, 30 L.Ed. 440. Compare District of Columbia v. Eslin, 183 U.S. 62, 22 S.Ct. 17, 46 L.Ed. 85; Ex parte Pocono Pines Assembly Hotels Co., 285 U.S. 526, 52 S.Ct. 392, 76 L.Ed. 923, reported below in 73 Ct.Cl. 447. As we said in Fidelity National Bank v. Swope, supra, 274 U.S. 123, 132, 47 S.Ct. 511, 71 L.Ed. 959, 'Naturalization proceedings, Tutun v. United States, 270 U.S. 568, 46 S.Ct. 425, 70 L.Ed. 738; suits to determine a matrimonial or other status; suits for instructions to a trustee or for the construction of a will, Traphagen v. Levy, 45 N.J.Eq. 448, 18 A. 222; bills of interpleader, so far as the stakeholder is concerned, Wakeman v. Kingsland, 46 N.J.Eq. 113, 18 A. 680; bills to quiet title where the plaintiff rests his claim on adverse possession, Sharon v. Tucker, 144 U.S. 533, 12 S.Ct. 720, 36 L. Ed. 532; *are familiar examples of judicial proceedings which result in an adjudication of the rights of litigants, although execution is not necessary to carry the judgment into effect, in the sense that damages are required to be paid or acts to be performed by the parties.'*" (Italics added.)

Of necessity, such a declaration could not be given full scope without the presence of the defendant-insurer. In Barwick v. South Eastern & Chatham Ry. Co., L.R. [1921] 1 K.B. 187, the overseers of a parish sought a declaration that certain reclaimed land was subject to taxation by them. The land had been reclaimed by the harbor board under an act which required them to lease it to the defendant railways. The government occupied the land under its war powers and, at the time of the institution of the action, the defendants were not in possession. The lease, in fact, was not actually given to them until two years afterwards. The railways objected to the declaration upon the ground that, as they did not have the use of the land, they were not liable for the payment of the rate. However, the Court of Appeal sustained the declaration granted below.

The Earl of Reading, C. J., said: "The law relating to the making of declarations under the Rules of the Supreme Court, Order XXV, 4, 5, was very elaborately discussed by the Court of Appeal in Guaranty Trust Co. of New York v. Hannay, [(1915) 2 K.B. 536] and no useful purposes would be served by again reviewing it. The Master of the Rolls, then Pickford, L.J., said [ (1915) 2 K.B. 562] 'The effect of the rule is to give a general power to make a declaration *whether there be a cause of action or not, and at the instance of any party who is interested in the subject matter of the declaration.'* I think the plaintiffs were interested in the subject matter, as were also the defendants."

Bankes, L.J., said: "The appellants are not strangers to the proceedings as the decision of the question is of just as much importance to them as it is to the rating authority, *although the decision of it does not touch their present liability for the rate.* In these circumstances, the case in my opinion, falls within the rules laid down for the application of Order XXV, r. 5, in the recent case in this court of the Guaranty Trust Company of New York v. Hannay. [ (1915) 2 K.B. 536]" (Italics added.) Bar-

wick v. South Eastern & Chatham Ry. Co., supra, L.R. [1921] 1 K.B. 187, 197, 200.

So here, while the defendant-insurer may not be liable, *at present,* to the plaintiff, it is as 'much interested in the determination of that liability as the plaintiff. And, as the determination of its liability might affect adversely that of the plaintiff, the controversy is ripe for determination. Borchard, Declaratory Judgments (1934) pp. 35, 40, 42.

Grant that the defendant-insurer is not an indispensable party, it is, at least, a proper party.

By some, declaratory relief is considered equitable in nature. Borchard, Declaratory Judgments (1934) pp. 137, 138; Holly Sugar Corporation v. Fritzler, 1931, 42 Wyo. 446, 296 P. 206; Ohio Casualty Co. v. Plummer, 1936, D.C.Tex., 13 F.Supp. 169. But see, City of Orlando v. Murphy, 1935, 5 Cir., 77 F.2d 702.

If this be so, then under the rules of joinder obtaining in equity, the defendant-insurer is a proper party because it "has or claims an interest adverse to the plaintiff." Equity Rule 37, 28 U.S.C.A. following section 723; Holly Sugar Corporation v. Fritzler, supra, 42 Wyo. 446, 296 P. 206, at pages 212, 214.

If we consider the remedy as legal, then, under the Conformity Act, 28 U.S.C.A. § 724, the California rules of joinder would apply. They authorize the joinder as defendants of any person "who has or claims an interest in the controversy adverse to the plaintiff," Code Civ.Proc.Cal. § 379, or "against whom the right to any relief is alleged to exist, whether jointly, severally or in the alternative." Code Civ.Proc.Cal. § 379a.

As interpreted by the courts, these provisions warrant the joinder, as defendants, of parties whose interest *might,* under certain contingencies, be adverse to that of the plaintiff, or whose present obligation towards the plaintiff is merely potential. See Nelson v. Marsh, 1929, 100 Cal.App. 578, 280 P. 695; Teeter v. City of Los Angeles, 1930, 209 Cal. 685, 290 P. 11; Adams v. Southern Pacific Co., 1930, 109 Cal.App. 728, 293 P. 681; Yankwich, Joinder of Parties (1929) 4 So.Cal.Law Review, 315, 327; Bossak v. National Surety Co., 1923, 205 App.Div. 707, 200 N.Y.S. 148; DeGroot v. People's State Bank, 1924, 183 Wis. 594, 198 N.W. 614.

Courts have found no difficulty in carrying over these principles into the declara-

tory judgment field, when the statute contained no rules of joinder of its own. When they have done so, they have made community of interest in a question of fact or law the test of joinder. Holly Sugar Corporation v. Fritzler, supra, 42 Wyo. 446, 296 P. 206, at pages 213–215.

This is the test of permissive joinder in equity. Under it, liability for a proportionate share of loss under separate policies of insurance has been held to justify the joinder of several insurers as defendants. American Central Insurance Co. v. Harmon Knitting Mills, 1930, 7 Cir., 39 F.2d 21. Like joinder has been allowed under a declaratory judgment statute. Bossack v. National Surety Co., supra.

So we have this situation: The two liability policies, while not establishing a direct contractual relationship between the plaintiff and the defendant-insurer, are yet interrelated because of the obligations assumed in them by the two insurers towards others, which may end in an obligation towards each other. The performance of the plaintiff's obligation and the extent of its liability is made dependent upon the existence of the defendant-insurer's contract.

It is true that the situation is somewhat different from that in which several insurance policies by different insurers cover specifically the same loss and they are all joined in an action brought directly on them.

However, I am of the view that the preventive character of declaratory relief permits the adjudication of the relationship between the two insurers here and of their conflicting legal interests, when it is necessary in order to define the plaintiff's obligation to the other defendants. This may be done before one of the insurers has suffered a loss upon which it can sue the other directly. The existence of a cause of action is not essential to a declaration. It may seek only an adjudication of freedom from claim. Aetna Ins. Co. v. Haworth, supra; Borchard, Justiciability (1936) 4 U. of Chicago Law Review, 1, 23; Guaranty Trust Co. v. Hannay & Co., [1915] 2 K.B. 536, 12 A.L.R. 1, per Pickford, L.J.; Simmonds v. Newport etc. Co., Ltd., L.R. [1921] 1 K.B. 616, 627, per Bankes, L. J. And declaratory relief "was designed to supply the need for a form of action that would set controversies at rest before they led to the repudiation of obligations, the invasion of rights, and the commission of wrongs." See Post v. Metropolitan Casualty Ins. Co.,

supra, 227 App.Div. 156, 159, 237 N.Y.S. 64, 68; Borchard, Declaratory Judgments, p. 125, 131; Borchard Judicial Relief For Peril and Insecurity, (1932) 45 Harv. Law Review, 793, 805–806.

The motion to dismiss is denied.

Exception to Employers Liability Assurance Company.