## HUMPHREY v. UNITED STATES FIDEL-ITY & GUARANTY CO. et al.

### No. Civil 434.

District Court, D. Oregon.

Dec. 2, 1940.

Hallock, Donald & Banta, of Baker, Or., for plaintiff.

Heilner, Smith, Grant & Fuchs, of Baker, Or., for defendants.

JAMES ALGER FEE, District Judge.

A petition for declaration of rights was filed by plaintiff in the Circuit Court of the State of Oregon, against the United States Fidelity & Guaranty Company and Otis Williams and Floyd N. Williams, partners. In general the state of facts gleaned from the petition is set out in the following paragraphs:

The United States Fidelity & Guaranty Company, a corporation doing a general surety business, filed a redelivery bond for $10,000 in a cause pending in the state court where Walter C. White is plaintiff and the Williams as partners are defendants, in order to release certain moneys from attachment. The Guaranty Company was surety and the Williamses, principals, on this bond. On motion of the partners as defendants, Humphrey, plaintiff here, was brought into that proceeding as intervenor by order of the state court, because he had furnished certain materials and services upon a construction contract to which reference is hereinafter made. Humphrey filed answer in the cause by which he claimed $5,074.04 and prayed that "the fund" be impressed with a lien in his favor.

The respective claims of the parties grow out of the fact that the Williamses and Brent-Sturgil & Company, Inc., entered into a contract with the United States Department of the Interior to perform construction work in Idaho. Humphrey, it is set up, had a possible claim against the Williams as a subcontractor on said work. The Guaranty Company was surety on the undertaking covering that contract.

It is alleged on information and belief that the Guaranty Company takes the position that, because of the transactions under the undertaking securing the performance of this construction contract and litigation thereunder, it has no obligation upon the redelivery bond as far as Humphrey is concerned. The details of this need not be reviewed. The position of the Guaranty Company that it does not recognize any liability to Humphrey for any reason is sufficient to lay the foundation for a determination of the question as to whether a controversy exists.

The United States Fidelity & Guaranty Company removed the cause to this court setting up diversity of citizenship as to itself and each of the Williamses, and claiming there was a severable controversy between the company and Humphrey involving $3,000. Subsequently the Guaranty Company filed herein a motion to dismiss on the ground that the federal court had no jurisdiction and that the petition did not state grounds for the declaration. Humphrey has moved to remand. Although defendant Guaranty Company has asked dismissal for failure to state proper grounds for a declaration, its right to insist that the federal court retain jurisdiction of a "controversy" is not waived thereby. By the statement that a severable controversy is involved, however, it seems to admit there is some controversy. In the opinion of the court that controversy, if any exists, is severable.

This is a peculiar situation. Neither party apparently is anxious to have a federal court adjudicate the claim. The court is not grasping of jurisdiction. The rule is that doubts are to be resolved in favor of the state court. Conversely, however, the present power to determine should not be renounced, but is obligatory.

Therefore, if an actual controversy exist the cause must be retained.[1]

[1] The Federal Declaratory Judgment Act, 28 U.S.C.A. § 400, has not enlarged the jurisdiction of the federal district courts. Southern Pacific Co. v. McAdoo, 9 Cir., 82 F.2d 121, 122; United States v. West Virginia, 295 U.S. 463, 55 S. Ct. 789, 79 L.Ed. 1546.

The petition alleges that the Guaranty Company will not pay upon the bond if judgment be obtained.[2] Of course the controversy is not ripe for the application of mandatory remedies or compulsory judgment. No judgment has been obtained against the alleged primary debtor. Plaintiff by virtue of his position in the main action may have a right against the undertaking.[3] The relation between him and the surety may be of a contractual nature although not consensual. This would be true if by law he became endowed with all the rights against the bond possessed by the original plaintiff in the principal action. The position of the Guaranty Company is definite.[4] Upon a recovery in the main action, the controversy would flare into a justiciable contest under the common law principles of substantive law and remedies for recovery would be available. It is true there would be none if Humphrey failed in that litigation. But it may not be worthwhile for him to proceed with an expensive determination in that cause if the Guaranty Company can not be eventually held liable. The positions of the two parties are adverse. The Guaranty Company is only insisting that there is a condition precedent to a determination of its ultimate liability, which it also denies. But the question of ultimate liability presents an actual controversy between the parties. A declaration now may save further litigation.

■ No litigation is pending in the state court between the Guaranty Company and plaintiff.[5] Although the undertaking is a substitute for certain property attached, the Guaranty Company can not be summarily held to payment of judgment for plaintiff. A separate action is contemplated by the Oregon Statutes before recovery can be had thereon.[6]

■ No difficulty is discovered as to the amount in controversy. Petitioner is claiming over $5,000. It is true he may not recover that against defendant in the state court, and therefore not against the surety. But the amount claimed in good faith and not that recovered is the test. Again the bond is in the principal sum of $10,000. In an action by an insurance company for a declaration that sum would be the test not the actual recovery in the main action. So here, at least the amount petitioner is claiming is in controversy.

■ The very purpose of the federal act is to permit adjudication of actual controversy where rights may be definitely declared. This remedy is an extension of the ancient quia timet. The federal courts have been extremely liberal in allowing insurance companies to maintain such proceedings. Joinder of parties not contractually related to such a company has been permitted where the party had an unliquidated claim against another and the insurance company had contractual relations with the latter. But these remedies should be reciprocal. If an actual controversy exists when an insurance company wishes to know whether it will be liable on a contract to a third person who possesses a claim not founded in judgment against its assured, certainly a third person should have the right to know whether he may benefit by a like contract if he obtains judgment against assured.[7] The reasons

---

[2] Maryland Casualty Co. v. Hubbard, D.C., 22 F.Supp. 697, 700. See Borchard, Declaratory Judgment in Insurance Litigation, 34 Ill.L.Rev. 245, 246.

[3] The controversy is more clearly outlined than the petition for a declaration of non infringement by one manufacturing a device similar to a patented article. E. Edelmann & Co. v. Triple-A Specialty Co., 7 Cir., 88 F.2d 852, 854, as opposed to International Harvest Hat Co. v. Caradine Hat Co., D.C., 17 F.Supp. 79; New Discoveries v. Wisconsin Alumni Research Foundation, D.C., 13 F.Supp. 596.

[4] No refusal is necessary by analogy to Ohio Casualty Ins. Co. v. Plummer, D.C., 13 F.Supp. 169; American Motorists Ins. Co. v. Busch, D.C., 22 F.Supp. 72;

Commercial Casualty Ins. Co. v. Humphrey, D.C., 13 F.Supp. 174.

[5] Therefore, no piecemeal trial results. See Ætna Casualty & Surety Co. v. Yeatts, 4 Cir., 99 F.2d 665.

[6] § 7-212, O.C.L.A. *"Defense to action upon redelivery bond.* If an action be brought upon such undertaking against the principal or his sureties, it shall be a defense that the property for which the undertaking was given did not, at the execution of the writ of attachment, belong to the defendant against whom it was issued."

[7] See Post, et al. v. Metropolitan Casualty Ins. Co. of New York, 227 App. Div. 156, 237 N.Y.S. 64. This case was affirmed by Per Curiam memorandum decision of the Court of Appeals in 254 N.Y. 541, 173 N.E. 857.

which support one position support its opposite. Rights are determined. Litigation is prevented.

The court as presently advised holds there is jurisdiction. The motion to remand is denied. The further question of whether sufficient facts are stated to constitute a basis for declaration is reserved.

