BERNARD ATTINSON, Suing on Behalf of Himself and All Other Members of Consumer-Farmer Milk Cooperative, Inc., Similarly Situated, Plaintiff, *v.* CONSUMER-FARMER MILK COOPERATIVE, INC., et al., Defendants.

Supreme Court, Special Term, New York County, January 20, 1950.

*Jesse S. Raphael* and *H. S. Tunick* for plaintiff.

*Meyer Parodneck* for Consumer-Farmer Milk Cooperative, Inc., and others, defendants.

NATHAN, J. Plaintiff, on behalf of himself and other members similarly situated, seeks a declaratory judgment with respect to the distribution of the assets of Consumer-Farmer Milk Cooperative, Inc., a nonstock consumer co-operative.

The action is brought against the corporation itself, the directors thereof, and the People of the State of New York, all of whom have been served with copies of the summons and complaint. The defendants other than the State have appeared generally, but since they concede the facts alleged in the complaint and also seek an adjudication of the rights of members to corporate assets upon dissolution, they have interposed no answer. The Attorney-General, on behalf of the People, has moved to vacate the service for lack of consent of the sovereign to be sued, which motion has been granted.

The trial of this action is thus in the nature of an inquest or a submission on stipulated facts. Although the suit is a friendly one, there is no doubt that a justiciable issue exists.

The corporate defendant was organized in 1937, pursuant to article 5 of the Co-operative Corporations Law, as a consumers' co-operative nonstock corporation. Section 22 of the Co-operative Corporations Law provides that upon voluntary dissolution a duly designated committee " shall, on behalf of the corporation * * * liquidate its assets, pay its debts and expenses, and divide any surplus among the members as they may be entitled under the certificate of incorporation or by-laws." Neither the corporate defendant's certificate of incorporation nor its by-laws contain any provision relating to distribution of assets or rights of members upon dissolution.

At a regular meeting of the board of directors on September 20, 1949, the following amendment to the by-laws was duly proposed: " Upon the dissolution of the corporation, its assets, after payment of all debts and obligations, shall be distributed among the members then in good standing in equal shares."

Considerable doubt being expressed as to the legality of the proposal, no action was taken, but the proposed amendment is still pending before the board. This action has been brought for a declaratory judgment that, except for current income declared as patronage dividends, members have no proprietary interest in corporate assets and no right to distribution thereof upon dissolution. The prayer for relief also seeks to enjoin the directors from adopting the proposed amendment.

Since no dissolution is threatened or even contemplated, it does not appear that injunctive relief is appropriate. An invasion or threatened invasion of a present right is not requisite to an action for declaratory judgment, however. Where a judgment will terminate the uncertainty giving rise to the proceeding, will serve a useful purpose in stabilizing legal relations, and will set controversies at rest before they lead to repudiation of obligations or invasion of rights, the power to entertain declaratory judgment actions should be exercised (*Post* v. *Metropolitan Cas. Ins. Co.*, 227 App. Div. 156).

The defendant Consumer-Farmer Milk Cooperative, Inc. was an outgrowth of the Milk Consumers Protective Committee, a body of civic-minded persons organized to protect the public's interest in milk processing and distributing, and to alleviate economic ills in the milk industry. After considerable study, it was determined that those objectives could best be obtained by starting an active milk distributing company to operate in the interest of the public and to serve as a "yardstick" for prices and practices in the industry. The defendant Consumer-Farmer Milk Cooperative, Inc., was thus incorporated. Its by-laws provide: "The purpose of this society is to organize farmers and consumers for the cooperative distribution of milk and other products and to do such other things as shall serve the economic and cultural welfare of its members and the public."

Briefly stated, the corporate defendant is a community society open to any producer or consumer of milk for a 25¢ membership fee. It operates a co-operative venture, purchasing milk from farmers, processing it and selling it to consumers in New York City. Surplus earnings are refunded in the form of patronage dividends to farmer members in proportion to the amount of milk sold to the corporation, and to consumer members in proportion to the amount of milk bought from it. This actual operation establishes a "yardstick" for the industry with respect to the price the farmer receives for his milk and the price the city consumer pays for it. The corporation also carries

on an extensive public education program relative to the many important problems arising in the producing, processing and marketing of milk. It is thus engaged in a civic enterprise and performs a very valuable public service.

As a result of the tremendous number of unclaimed patronage dividend vouchers, which are printed on every container of milk it sells, and as a result of savings in operations, the corporation has been able to accumulate substantial assets. Have the members of the corporation any rights, vested or contingent, in these assets upon dissolution? The court finds that they have not.

The corporate defendant's purposes and activities are essentially of a charitable and public character. Within the wider definition of that term, it is a charitable corporation (*Corporation of Chamber of Commerce of State of New York* v. *Bennett*, 143 Misc. 513). Upon dissolution, its assets must be distributed in accordance with the doctrine of cy pres. It is expressly noted, however, that upon questions of exemption from Federal, State, or municipal taxation, which are not here presented, different considerations may apply, and the corporate defendant is held to be a charitable corporation solely with respect to distribution of assets upon dissolution.

Findings of fact and conclusions of law have been waived. Settle judgment accordingly.